## Garriott v. Brandenburg Construction Company.

(Decided March 16, 1923.)

## Appeal from Hopkins Circuit Court.

1. Stipulations—Stipulation that Answer was Taken as Controverted Held to Preclude Defendant's Claim of Variance.—Where the petition relied upon a contract giving plaintiff 75 cents per cubic yard for all dirt moved, and the answer alleged a substitution for that contract of a contract for payment by the day, a stipulation that the answer was taken as controverted of record, with leave to plaintiff to introduce all matters by way of avoidance of the matters charged therein, as though a written reply had been filed, prevents defendant from claiming a variance between the petition and proof that the substituted agreement gave plaintiff the option of claiming payment by the yard or by the day.

2. Payment—Recital on Checks Payment is in Full is Not Conclusive.—Recitals on checks given by defendant to plaintiff that they were given and received in full payment of the amounts due, while prima facie evidence that the full amount due has been paid, are not conclusive upon plaintiff, but he may, in avoidance thereof, show the truth.

COX & GRAYOT for appellant.

GORDON, GORDON & MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

In March, 1920, appellant Garriott entered into a contract with appellee company whereby he was to move a large quantity of dirt at seventy-five (75c) cents per cubic yard. After entering upon the work appellant was about to abandon it because, as he stated, he was not realizing a profit. Thereupon the parties entered into an agreement whereby appellant was to have $4.00 per eight-hour day, per man; $8.50 per eight-hour day for each two-

horse team; and $10.75 per eight-hour day for each three-horse team employed by him in said work. Up to that time the work had been completely paid for on a basis of seventy-five (75c) cents per cubic yard. Appellant now contends that the said last agreement whereby he was to be paid so much per day per team and per man was but a minimum agreement or additional contract in aid of the first contract by which he was to get seventy-five (75c) per cubic yard for all dirt moved, appellant to have the option and privilege of taking pay at the completion of the contract, either upon the day plan or on the yardage contract. Appellee company denies this and says that the old contract was abandoned by both appellant and it and that the new contract of $4.00 per man, $8.50 for two-horse teams, and $10.75 per day for three-horse teams was the only contract in force at the time the work was performed and that under said contract it had fully paid appellant for the work. He admits, as we understand, that he had been paid approximately $3,000.00, covering the entire contract if it is to be reckoned upon the per-day schedule, but he says that under the yardage contract, by which he now claims, he is entitled to recover an additional $829.15, which is the difference between the sum paid him and yardage actually moved at seventy-five (75c) cents.

At the conclusion of the evidence for appellant, Garriott, the trial court directed the jury to find and return a verdict for appellee company. From a judgment entered upon this verdict Garriott appeals.

Appellee company insists that inasmuch as the checks by which they paid appellant installments, each showed on their face they were in full payment of the work up to the date therein set out, and that the final check showed on its face that it was in full for all said work, appellant is estopped to claim an additional sum even though due under an estimate made on the yardage basis, for the acceptance of the check in full satisfaction amounted to an accord and satisfaction. This is the view the trial court took. It also contends that the evidence did not support the pleadings; that appellant alleged a contract to pay him seventy-five (75c) cents per cubic yard, whereas he proved a very different contract, giving him an option to operate under the seventy-five (75c) cents per cubic yard arrangement set out above. In aswer to the last contention it may be said that appellee company is not

in position to take advantage of such variance, if one there were, for the reason that it entered into an agreement of record, which reads as follows:

"By agreement of parties the answer of defendant, Brandenburg Construction Company, is now taken controverted of record with leave to plaintiff to introduce all matters by way of avoidance of the matters charged therein as though written reply had been filed herein. Said pleading shall be treated especially denied and the plaintiff given leave to offer any and all evidence to the same extent as if written pleading had been filed, and this cause is continued."

It would be practically impossible under such an agreement and the state of the pleading to have a variance. By the foregoing agreement appellant was entitled to introduce evidence of any and all matters in avoidance of the defense set up in the answer, which answer was to the effect that the appellant, Garriott, had abandoned the original contract and thereafter entered into a new contract with appellee company whereby he was to receive only so much per day, per man and per team.

The trial court appears, however, to have based the directed verdict upon the checks introduced as evidence showing that appellant, Garriott, had been paid in full for all work performed by him in moving the dirt. The checks were so indorsed as to be receipts. We have frequently held that a receipt showing that a given sum has been paid, when in fact it has not or a receipt in full is given, when only a part of the sum due has been paid, while *prima facie* evidence of the fact is not conclusive upon the party giving the receipt, but he may in avoidance thereof show the truth. Old Colony Insurance Co. v. Berryman Realty Co., 193 Ky. 7; Newton's Exors. v. Field, 98 Ky. 186; Illinois Central R. R. Co. v. Manion, 113 Ky. 7; Mussellam v. C. N. O. & T. P. Ry. Co., 126 Ky. 505; Huffaker's Exors. v. Michigan Mutual Life Ins. Co., 154 Ky. 56. At most the checks were mere receipts.

The trial court should not have directed the jury to find and return a verdict for the appellee company, but on the contrary should have submitted the questions, including that of accord and satisfaction, by proper instructions to the jury.

Judgment reversed for new trial.