## South Mountain Coal Company v. Rowland, et al.

(Decided October 10, 1924.)

### Appeal from Breathitt Circuit Court.

1. Evidence—Court can Know as Matter of Current History that an Election was Close.—Court may know as matter of current history that election for office of Commonwealth attorney of district was very close.

2. Evidence—Common Knowledge that Long Term of Court Became Necessary Because of Conditions.—Court held to know, as matter of common knowledge, that long term of court became necessary because of previous conditions existing in judicial district, which had brought about accumulation of business in court.

3. Judgment—Power of Court to Set Aside Judgment Entered at Same Term is Inherent.—Power of court to set aside judgment entered by it at same term is inherent, and not dependent upon any statute regulating new trials.

4. Judgment—Power to Set Aside Judgment at Same Term is Broad and Comprehensive.—Power of court to set aside its judgment at same term is broad and comprehensive, and its exercise is not hampered by ordinary rules of procedure.

5. Judgment—If Justice will be Probably Furthered, Default Judgment Entered During Term should be Set Aside.—Where no intervening rights have arisen between entry of default judgment

and making of motion at same term to set it aside, if, under all facts, administration of justice will be probably furthered by setting aside judgment and having trial on merits, such action should be taken.

6. Judgment—Court Held to have Abused Discretion in Not Setting Aside Default.—Court held to have abused its discretion in refusing to set aside default judgment and grant new trial, where defendant's attorney was in midst of close contest for election as Commonwealth's attorney, and very busy with Commonwealth work after election, and did not have time to answer.

W. L. KASH for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

On the 18th of October, 1921, John Rowland filed his action against appellant for a balance of $1,100.00 alleged to be due him under a contract said to have been made with that company. The petition alleges that on the 7th of December, 1920, defendant entered into a contract with plaintiff by which he was employed by it for one year at a salary of $200.00 per month, to open up, install and put in operation a coal mine, and to build necessary tracks, chutes, tipples and other appliances used in its operation, and to install all machinery and equipment necessary therefor; and that after these things should have been done he was to act as foreman or mine boss, and oversee the operation of the mine. He alleges he entered upon the discharge of his duties immediately and continued to work until the — day of February, 1921, and had been paid for his services during that period, but that defendant then requested him to hold up his work and not proceed therewith further for the time being, for business reasons. He says that he complied with this request of defendant and that work was not resumed up to June, 1921, during which interim he held himself in readiness to continue the work at any time when requested, but that after June he tried to and did get work from others, but did not and could not earn therefrom exceeding $75.00 per month.

The process was promptly served on defendant, and its officials employed W. L. Kash, an attorney, to file its answer and defend the action. Kash was at the time attorney for the Commonwealth in that judicial district, and was then a candidate for re-election at the approach-

ing November election, which occurred on the 8th of November. The succeeding term of court began on the second Monday of November, which was just six days after the election.

No answer was filed before the term, and no step taken or order entered in the action during that term until the 18th day thereof, December 3rd, 1921, when the plaintiff entered a motion to take the allegations of the petition as true. Then no further step was taken until three days later, on the sixth day of December, when a default judgment was entered for the plaintiff.

On the 20th of December, 1921, John Rowland, the plaintiff in the action, died, and the same term of court was still in session up to and including the tenth day of January, 1922.

On that day defendant filed the affidavit of one of its officials stating that no administration had been granted to any personal representative of the deceased and giving the name of his widow and heirs at law, and with that as a basis the court entered an order of revivor upon motion of defendant reviving the action in the name of the widow and real representatives of the decedent. The defendant then at the same term of court and after the entry of the order of revivor entered a motion to set aside the default judgment and grant to defendant a new trial, and filed the affidavit of the attorney, W. L. Kash, in support of that motion. At a subsequent term of the court, and in December, 1922, and presumably after the order of revivor had been executed the court overruled the motion to set aside the judgment and grant a new trial, and from that order this appeal is prosecuted.

The affidavit of the attorney discloses his employment before the beginning of the term of court and that at the time he was Commonwealth's attorney of the district, and was also a candidate for re-election at the approaching November election, and that the term of court began six days thereafter.

It discloses that before the election he was busily engaged in prosecuting his canvass, and that between the election and the beginning of the term he was busily engaged in looking after the returns from the election, which we know as a matter of current history was very close between him and his opponent. It likewise discloses that after the term began his official duties as attorney for the Commonwealth were such that he did not have reasonable

time to prepare an answer until after the default judgment was entered.

With this affidavit was tendered an answer which was a traverse of the material allegations in the plaintiff's petition.

The attorney for defendant was the official representative of the Commonwealth, and as such it was his paramount duty to first give attention to the Commonwealth's business; he officially was a part of the court's machinery, and it is a matter of common knowledge that the long term of court in question became necessary because of previous conditions existing in that judicial district which had brought about an accumulation of business in that court, and particularly the Commonwealth causes pending therein, and the question arises whether the court should not have, under these unusual conditions, sustained this motion, set aside the judgment, and had a trial of the cause upon its merits.

The power of the court to set aside a judgment entered by it at the same term is inherent, and not dependent upon any provisions of the Code regulating the granting of new trials. Such power is broad and comprehensive, and its exercise is not hampered by the ordinary rules of procedure.

As said by this court in the case of Southern Ins. Co. v. Johnson, 140 Ky. 485:

"This power is not to be exercised capriciously or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting of new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure, whether party complaining has been guilty of laches such as to close the ear of the court to his application."

In exercising this broad discretion the question to determine always is whether the ends of justice will be best subserved, unless there has been upon the part of the applicant such laches as authorizes the court to turn a deaf ear to his proposal. Where no intervening rights have arisen between the entry of the default judgment and the making of the motion at the same term to set it aside, if under all the facts the administration of justice

will be probably furthered by setting aside the judgment. and having a trial on the merits, such action should be taken. Thompson v. First National Bank's Receiver, 183 Ky. 69.

In this case we have an officer of the court busily engaged in his primary duty of attending to the public's business at a busy term of court. He had had no opportunity before the term and after his employment to prepare an answer, and when the term came he was unusually busy in attending to a large accumulation of Commonwealth cases on the docket. Under these unusual conditions, believing as we. do that the ends of justice will be best subserved by a trial of this case on its merits, we have concluded that the trial court abused its discretion in not granting the new trial.

The judgment is reversed with directions to set aside the default judgment, to grant appellant a new trial, and for further proceedings consistent herewith.