## Troendle, et al. v. Wells, et al.

(Decided December 3, 1926.)

## Appeal from Christian Circuit Court.

1. Trial—Accounts with Farm Manager Held Not so Complicated as to Require Transfer to Equity (Civil Code of Practice, Section 10, Subsection 4).—Accounts between defendants and their farm manager claiming wages for himself and minor sons held not so complicated as to require transfer to equity, under Civil Code of Practice, section 10, subsec. 4.

2. Trial—Motion to Transfer to Equity Comes Too Late at Close of All Evidence (Civil Code of Practice, Section 10, Subsection 4).— Motion to transfer to equity, under Civil Code of Practice, section 10, subsection 4, made at close of all evidence, was too late.

3. Continuance—In Action for Money Due Farm Manager, Denial of Continuance to Permit Preparation for Trial Held Not Error, in View of Facts.—Denial of continuance within which to prepare defense of action by farm manager for compensation held not error, in view of facts.

4. Trial—Omission of Clerk to Docket Case First Day of Term Held Not to Affect Court's Power to Later Set Case for Trial (Civil Code of Practice, Sections 367a-1-367a-14).—Under Civil Code of Practice, sections 367a-1-367a-14, failure of clerk to docket case first day of term held not to preclude court from later setting it for trial, parties having notice.

ALVAN H. CLARK, WHITE & CLARK and GORDON, GOR-DON & MOORE for appellants.

THOMAS P. COOK for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellants, whom we shall refer to as the defendants, are seeking to reverse a judgment for $750.00 recovered against them by the appellee, Sam Wells, whom we shall refer as the plaintiff. These are the facts: About the first of the year 1920, the defendants employed the plaintiff to take charge of and operate for them a farm which they owned in Christian county. He operated this farm in that year, also in the years 1921, 1922, 1923 and 1924.

On Jan. 30, 1925, plaintiff began this action in which
he sought a judgment for a balance due

On work for the year 1921........................................................ $40.50
On work for the year 1923........................................................ 15.00
On work for the year 1924...................................................... 1,099.56

$1,155.06

Upon this he admits there are credits due for payments
made in the year 1924 for $300.10, leaving a balance of
$854.96, for which he asked judgment. Process was
served on Mrs. Troendle in Christian county on July 22,
and on Mr. Troendle in Hopkins county on September 8.

The September term of the Christian circuit court
began on September 28. This was an action at law, and
by section 367a-9 of the Civil Code, it is made the duty of
the clerk to docket this action for September 28; but by
some mistake or oversight he failed to do so, and on call
of the docket on that day, this case was neither called by
the court, nor was it set down, as the Code provides, for
any subsequent day of the term, but on October 10, it was
discovered that the clerk of the court had, long before the
court convened, set this case for trial on that day. The
defendants had filed a special demurrer, a motion to
quash, a motion to elect, and a general demurrer. The
court took time for the consideration of these, and on
October 14, set this case for trial on October 19. On the
19th, the court overruled the defendants' demurrers and
motions, but other matters on the docket prevented the
trial of this case on that day. On October 21, the case
was reached. Defendants announced not ready. The
court continued the case until October 26. The defend-
ants again announced not ready, and filed affidavits in
support of their motion for continuance. Their motion
was overruled, and a jury was impaneled to try the
issues. At the conclusion of all the evidence the defend-
ants entered a motion to transfer this cause to equity,
which was overruled. The case was then argued and
submitted to the jury with the result above noted. De-
fendants are now asking us to reverse that judgment be-
cause of three alleged errors. The first is that by subsec-
tion 4 of section 10 of the Civil Code, the court should
have transferred this case to equity. They make this
contention because, as they allege, this case involves ac-
counts so complicated and such great detail of fact as to

render it impracticable for a jury to try the case intelligently. In addition to pay for his own labor, the plaintiff sought to recover for work done for the defendants by the plaintiff's infant sons, and by members of his family.

He sought to recover for his own labor..............$590.00
For labor of his son, Allen Wells .....................- 17.50
For labor of his son, J. B. Wells........................ 233.73
For labor of his son, Robt. Wells...................... 166.04
For labor of Senia Wells ................................... 15.00
For hogs sold defendants ................................... 56.55
For sundry small items .................................... 11.24

Upon this he gives the defendants credit for $300.10. We can see.nothing so complicated in this account as to require that this case go to equity; but even if there were merit in their contention, their motion made at the close of all the evidence came too late.

Their next contention is that the court should have granted them a continuance of the case, and given them a reasonable time in which to prepare their case for trial. They knew throughout the year 1924, that the plaintiff and his family were working for them. They knew after November, 1924, that the plaintiff had ceased to work for them, and was demanding a settlement. This suit was filed in January, 1925. Process was served on Lilly A. Troendle shortly thereafter, and it was served on Thos. R. Troendle twenty days before the court began. The case was finally tried on the first day of the fifth week of the court, and it appears to us that the defendants had ample time in which to prepare for the trial of this case. The affidavits filed by them in support of their motion for a continuance do not set forth sufficient reason for the continuance of the case, and the court did not err in overruling their motion.

Their final contention is that the court had no authority during the term to set this case for trial. This involves the construction of what is commonly referred to as the Practice Act, it being now section 367a-1 to section 367a-14, inclusive, of the Civil Code. Section 367a-4 is:

"Actions at law shall stand for trial at the first term of court after summons had been served in the county ten days, and elsewhere in the state twenty days before the commencement of said term."

The summons in this case had been served in time for this term. By section 367a-9, it is provided that the clerk shall docket all actions at law for the first day of the term, at which under the provisions of this act, they shall stand for trial. On that day the court shall call the docket and enter default judgment where no defense is made, and it further provides that where defense is made, the court shall then proceed to set such action down for trial at some convenient day of the term. The clerk failed to docket this action for the first day of the term. Hence this case was not called on that day, and was not then set for trial; but when the court's attention was called to the matter, the court did set the case for trial. It is the contention of the defendants here that that action was erroneous. We have seen that by section 367a-4, copied above, this case stood for trial at this term of the court, and the failure of the clerk to docket this case for the first day of the term can not prevent the trial of it at that term. The provision of the law for the docketing of all ordinary actions for the first day of the term was made in order that litigants might know when to attend court and to enable them to prepare for the trial of their cases, but there is nothing in this section of the Code to prevent the court, on some other day of the term, from setting for trial a case omitted from the docket through some mistake or oversight, provided the parties have notice of it. Here the defendants had ample notice, and were represented by counsel, and objected to the case being set down for trial. They sought to secure a continuance, and filed four affidavits in support of their motion for a continuance, but these affidavits contain no sufficient reason therefor.

These are the only errors which the defendants have discussed in their brief, and the other errors contained in their motion and grounds for a new trial will be treated as waived. Caudill v. Caudill, 212 Ky. 433, 279 S. W. 656.

The judgment is affirmed.