## Sachs v. Hensley.

(Decided May 27, 1927.)

### Appeal from Harlan Circuit Court.

1. Trial.—Where quarterly court transferred cause to Harlan circuit court, under Civil Code of Practice, section 720, on January 8, 1926, after answer and counterclaim were filed, circuit court, if impossible to try case on February 1, when term began, should have set it for trial at some convenient day, under section 367a(9).

2. Set-off and Counterclaim.—Where plaintiff had filed no answer to counterclaim, as required by Civil Code of Practice, section 98, to put it in issue, stood confessed, when case was submitted to jury after trial without notice to defendant or order setting case for trial; counterclaim being in nature of action against plaintiff.

3. Pleading.—Parties may, by agreement entered of record, waive formal pleading of affirmative matter, though such practice is not specifically indorsed by Code.

4. Pleading.—Pleadings cannot be waived by court, as by entering order without agreement on plaintiff's motion that affirmative matter in answer and counterclaim be controverted of record.

5. Judgment.—In action for value of landlord's property converted by tenant, latter's motion, under Civil Code of Practice, section 386, for judgment notwithstanding verdict for amount of counterclaim, not answered by plaintiff, was properly overruled, under section 126, subsection 4, in absence of allegation that landlord had expressly or impliedly promised to pay tenant for things kept.

6. Trial.—Where court tries case on day on which it stood for trial or sets it for trial on some convenient day, under Civil Code of Practice, section 367a(9), defendant is entitled to no further notice of trial, but if court thereafter sets case for trial on some other day, defendant is entitled to notice of such order.

7. Appeal and Error.—Where record, purporting to be complete, shows no order setting case for trial, it will be conclusively pre-

sumed, under Court of Appeals rule 3, subsection 14, that none was made.

8. Trial.—Trial had in defendant's absence, before issue was made by answer to counterclaim, without notice to defendant or order made after first day of term setting case for trial on subsequent day, is erroneous.

9. Judgment.—Court's authority to vacate or set aside default judgment, at term at which it was rendered, is inherent.

LEE & SNYDER for appellant.

J. L. FOSTER for appellee.

OPINION OF THE COURT BY COMMISSIONER DRURY—Reversing.

Hensley recovered a judgment against Sachs for $63.00. and a counterclaim for $465.00 filed by Sachs was dismissed, hence this appeal. This litigation grew out of a contract of tenancy. For more than 10 years Sachs was a tenant of Hensley. In his counterclaim, Sachs says that by the terms of his lease he was permitted to place in Hensley's building such equipment and fixtures as he desired, and to remove them at any time he wanted to do so; that he equipped the building with shelving, ladder rails, and an awning. When the lease expired, he began to remove these trade fixtures.

Hensley began this action on December 21, 1925, by suing Sachs in the Harlan quarterly court for $63.00, which, he alleged, was the value of the property belonging to Hensley which Sachs had taken out of this building and converted to his own use. On January 8, 1926, Sachs answered, setting up the terms of this lease, the installation of these trade fixtures, and making a counterclaim against Hensley for $465.00 for the value of the things that Hensley would not permit him to move. The cause was by order of the quarterly court, on that day, transferred to the circuit court, under section 720 of the Civil Code. The February term of the Harlan circuit court began on February 1. This cause was an appearance at that term, and could have been docketed and tried on that day or some other convenient day. Defense had been made, and, if it was not possible to try the case that day, the court should have set the case for trial at some convenient day. See section 367a-9, Civil Code.

Without any order setting the case for trial ever being made, and without any notice to Sachs, the circuit

court proceeded, on February 9, to try the cause in the absence of Sachs and his counsel. They heard the trial was in progress, and got into the court room just about the time the jury returned its verdict for $63.00 in favor of Hensley. Thereupon Sachs filed this written motion:

"Comes the defendant, Phillip Sachs, and moves the court for a judgment in his favor for the sum of $465 notwithstanding the verdict, because no reply was filed, or issue made by the plaintiff for the claim set up in the counterclaim herein. Lee & Snyder, Attys. for defendant.

"Filed in open court this 9th day of February, 1926.

"F. M. Jones, C. H. C. C., by F. K. Jones, D. C."

The counterclaim filed by Sachs was in the nature of an action on his part against Hensley. It was sufficiently pleaded, and had the force and effect of an action against him. It demanded an answer, which is called a reply under our Code, and to put it in issue it was necessary for Hensley to file a pleading thereto, under section 98 of the Civil Code. He had not done this, and, at the time of the submission of this case to the jury, the counterclaim made by Sachs stood confessed. The Civil Code does not provide any method of making an issue other than by filing a pleading, where the amount in controversy is over $50. Parties may, by agreement, waive a formal pleading. See 31 Cyc. 724. In this commonwealth, litigants frequently agree, such agreement being noted, by order entered of record, that the affirmative matter of a pleading can be taken as controverted, thereby waiving formal pleading, and while this practice has no specific Code indorsement, it has been approved by this court; but each time we have approved such on order, we have been careful to state it was done by agreement of parties. See Conlee v. Gilbert, 214 Ky. 484, 283 S. W. 440; Garriott v. Brandenburg Const. Co., 199 Ky. 673, 251 S. W. 935; Taylor County v. Bank, etc., 145 Ky. 389, 140 S. W. 680.

While parties can waive pleadings in this manner, pleadings cannot be waived for them by the court. The court can no more do that than it can make a contract for them, and yet, in this case, it appears that in the absence of both Sachs and his counsel this order was en-

tered controverting the affirmative matter in the counterclaim:

> "This case came on for trial, and the plaintiff, being present in person and by attorney, moved the court to controvert the affirmative matter in the answer and counterclaim of the defendant of record, and the court, being advised, sustains the motion, and ordered that the affirmative matter in the answer and counterclaim be controverted of record."

The court had no authority to make such an order, except by agreement, and it is apparent no agreement was had. This order was therefore void, and this counterclaim stood confessed. Sachs on that day, February 9, 1926, before a judgment was entered on this verdict, made a motion for a judgment notwithstanding the verdict for the amount of his counterclaim, because no pleading had been filed putting it in issue. The court entered a judgment on the verdict of the jury, in favor of Hensley, for $63. On February 10, the court overruled the motion made by Sachs for judgment on his counterclaim. Sachs excepted, prayed an appeal to this court, and it was granted. This motion was properly overruled, because by subsection 4 of section 126 of the Civil Code it was necessary in the absence of an express promise to pay, or such a statement of facts as would show an implied promise to pay, that a jury should pass on the value of the articles for the conversion of which Sachs filed this counterclaim. Sachs based his motion for a judgment on section 386 of the Civil Code, and if his pleadings had shown that Hensley had promised to pay him for the things he kept, or had pleaded such facts that a promise to pay would be implied, then his motion should have been sustained, but his counterclaim did not contain any such.

By section 367a(9) Civil Code, this cause stood for trial on February 1, and the court should then have tried it, or else should then have set it for trial on some convenient day. If that had been done, Sachs would have been entitled to no further notice of the trial. The court could have thereafter set the case for trial, but if, on some day other than the first day of court, the court should have made an order setting the case for trial, then Sachs was entitled to have notice of that order. See Troendle v. Wells, 216 Ky. 819, 288 S. W. 749. No order appears anywhere, setting this case for trial. The schedule in

this case calls for the entire record. By subsection 14 of rule 3 of this court it will be conclusively presumed that this record is complete, and, as it shows no order setting this case for trial, it will be conclusively presumed that none was made. Trial had in the absence of the defendant, under such circumstances, is erroneous. The issue had not been made.

> "A trial without an issue is erroneous. In the absence of a replication to affirmative pleas, which are not abandoned, it is errror to proceed to trial on other pleas and issues, over the objection of defendant, or in his absence." 38 Cyc. 1267.

Hensley contends that the motion for a new trial made by Sachs, and the affidavits, filed in support of it, should be stricken, because they were filed on February 12, and the so-called trial was had on the 9th, but it is not necessary to pass on that question.

In the case of Stewart v. Com., 197 Ky. 501, 247 S. W. 357, we said, after citing many authorities:

> "A different rule prevails, however, when a motion is made to set aside a default judgment during the term at which it was rendered, from the rule which prevails when a new trial is sought after the term at which it was rendered on the grounds of casualty or misfortune, or a new trial when both litigants have participated."

This was a default judgment. The authority of the court to vacate or set aside this judgment, at the term at which it was rendered, is inherent. See Southern Ins. Co. v. Johnson, 140 Ky 485, 131 S. W. 270.

The judgment is reversed, and the cause remanded for proceedings consistent with this opinion.