## Morris, et al. v. Morris, et al.

### Same v. Burns.

(Decided October 19, 1928.)

Appeals from Perry Circuit Court.

1. Judgment.—Where motion for new trial or vacation of judgment in equitable action is made when court has control of judgment,

effect thereof is to suspend judgment until court passes on motion, which it may do at a time when it would have had no control of judgment but for motion.

2. Judgment.—At common law, court has full control over its orders or judgments during term at which made, and may amend, correct, revise, supplement, open, or vacate them, in exercise of sound dis-cretion, on sufficient cause shown.

3. Common Law.—The common law, where it has not been abro-gated by statute, is still in force in Kentucky.

4. Appeal and Error.—Motions for new trial are not necessary in equity actions.

5. Judgment.—Circuit court, which was not a court of continuous ses-sion, had control over its judgment during whole of term in which rendered, and could vacate it, under Civil Code of Practice, sec. 513, at any time during such term; Ky. Stats., sec. 997, fixing time for motions to vacate in courts of continuous session, not apply-ing.

6. Judgment.—Circuit court, having vacated judgments at time when it had right to do so under Civil Code of Practice, sec. 513, on mo-tion made during term in which rendered, parties' status was same as before judgments were entered.

7. Appeal and Error.—An order awarding a new trial not being a final order, no appeal lies therefrom under Ky. Stats., sec. 950.

8. Appeal and Error.—An appeal does not lie from an interlocutory order under Ky. Stats., sec. 950.

H. C. EVERSOLE for appellants.

DUFF & DUFF for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Dismissing appeal.

In each of these cases a judgment in favor of the ap-pellants, whom we shall refer to as the plaintiffs, was en-tered on December 17, 1927. Seventeen days thereafter, and at the same term of the court, in each case the de-fendant moved the court to vacate the judgment. The court took no action on these motions at that term, but at a subsequent term, and on March 6, 1928, entered an order vacating the judgments of December 17. On March 10, 1928, the plaintiffs in each case moved the court to set aside the orders of March 6, vacating these judgments, and to reinstate the judgments of December 17. These motions were overruled, the plaintiffs have appealed, and defendants have prosecuted cross-appeals.

In an equitable action, where a motion for a new trial or to vacate a judgment is made at a time when the court has control of the judgment, the effect of such motion is

to suspend the judgment until the court passes on the motion, which it may do at a time when, but for the motion, it would have had no control of the judgment. See Trapp v. Aldrich, 67 S. W. 834, 23 Ky. Law Rep. 2430; Kremer v. Leathers, 70 S. W. 843, 24 Ky. Law Rep. 1149; Com. v. Tarvin, 114 Ky. 877, 72 S. W. 13, 24 Ky. Law Rep. 1663; Aulbach v. Read, 77 S. W. 204, 25 Ky. Law Rep. 1130; Gordon v. Com., 136 Ky. 508, 124 S. W. 806; Algee v. Algee, 168 Ky. 362, 182 S. W. 197.

"A court has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of a sound discretion, amend, correct, revise, supplement, open, or vacate such judgments. This was the rule at common law." 34 C. J. 207.

In Ex parte Von Vetsera, 7 Cal. App. 136, 93 P. 1036, it was said:

"The right to revise the judgment during the term is based upon the fiction that the judgment was not entered or the roll made up until the close of the term."

In Richardson v. Hunt, 7 R. I. 543, that court asserted the right of a court at any time during the term to amend or vacate its judgments, and said:

"The reason given by Lord Coke is, that 'during the terme wherein any judicial act is done, the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proofe to the contrarie.' "

The common law, where it has not been abrogated by statute, is still in force in Kentucky. Motions for a new trial are not necessary in equity actions. See McCormick Machine Co. v. Martin, 51 S. W. 1021, 21 Ky. Law Rep. 309, Salyer v. Arnett, 62 S. W. 1031, 23 Ky. Law Rep. 321, and List v. List, 82 S. W. 446, 26 Ky. Law Rep. 691. These were equitable actions, and the court had the right to suspend, modify, or vacate its judgments at the same term that they were entered. The first case we have been able to find asserting this right is the case

of Kyle v. Com., 2 Ky. (Sneed) 186.   We have often since announced that right.   See Sachs v. Hensley, 220 Ky. 226, 294 S. W. 1073; South Mt. Coal Co. v. Rowland, 204 Ky. 820, 265 S, W. 320.; So. Ins. Co. v. Johnson, 140 Ky. Ky. 485, 131 S. W. 270; McIntosh v. So.. Eng. & Boiler Wks. (Ky.) 114 S. W. 1193; Pa. Fire Ins. Co. v. Young, 78 S. W. 127, 25 Ky. Law Rep. 1350; Griffin v. Gingell, 79 S. W. 284, 25 Ky. Law Rep. 2031; Conn v. Doyle, 5 Ky. (2 Bibb) 248; Brown v. U. S. H. & D. Ass'n, 13 S. W. 1085, 12 Ky. Law Rep. 283; Riglesberger v. Bailey, 102 Ky. 608, 44 S. W. 118, 19 Ky. Law Rep. 1660.

The Legislature has, by section 997 of the Statutes, made provision fixing the time within which motions of this character must be made in courts of continuous session, but this was not such a court, and the common-law rule still prevails.   Hence this court had control over this judgment during the whole of. the term in which it was rendered.

"A judgment rendered in the circuit court may be reversed, vacated or modified, either by it or by the Court of Appeals." Section 513, Civil Code.

Each court, however, must act within the time prescribed by law, and in these cases, the court having vacated these judgments at a time when it had a right to do so, the motion having been seasonably made the status of these parties now is the same that it was on December 17, 1927, before these judgments were entered.   In civil cases, appeal lies to this court from final orders only. See section 950, Kentucky Statutes.   An order awarding a new trial not being a final order, no appeal lies therefrom.   Schweitzer v. Irwin et al., 101 Ky. 401, 41 S. W. 265, 19 Ky. Law Rep. 624; Steinke v. N. V. L. Co., 190 Ky. 231, 227 S. W. 274.   See, also, 3 C. J. p. 506, note 58.   An appeal does not lie from an interlocutory order.   Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 515, 136 S. W. 901.   These parties should make such further preparation of their cases as they desire, and submit them to the circuit court for judgment.

Both the original appeals and the cross-appeals are dismissed for want of jurisdiction.