### Seitz' Ex'r. v. Seitz.
(Decided Feb. 17, 1933.)

(Common Pleas Branch, Fourth Division).

504.

WALLACE A. McKAY and LUTHER M. ROBERTS for appellant.

J. C. CLOYD and E. PAUL DENUNZIO for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Henry E. J. Seitz was adjudged to have been removed as executor of the will of Charles W. Seitz, Sr., and has appealed.

On February 22, 1929, Charles W. Seitz, Jr., was seriously ill in an infirmary and without cash or funds to pay his bills. His father, Charles W. Seitz, Sr., then in apparently good health, indorsed in blank a $250 bank certificate of deposit and gave it to his son George H. Seitz for the purpose of paying the infirmary bills of Charles W. Seitz, Jr., with the understanding that, should young Charles get well, this money was to be repaid to his father. The next day Charles W. Seitz, Sr., died suddenly, and on March 15, 1929, Charles W. Seitz, Jr., died.

On March 7, 1929, a paper was probated as the will of Charles W. Seitz, Sr., and Henry E. J. Seitz, the executor named therein, was permitted to qualify as such without surety on his bond; such being the terms of the will.

On August 7, 1929, he made, and on August 10, 1929, he filed, an inventory and periodical settlement, which was ordered to lie over until January 6, 1930. When this date came, it was confirmed and ordered recorded.

Eight days thereafter five of the daughters of Charles W. Seitz, Sr., filed exceptions to this settlement because the $250 mentioned above was not included therein. On April 12, 1930, another daughter joined with these in a motion to remove Henry E. J. Seitz as executor. He was brought before the court, and on

May 8, 1930, an order was made by Hubert Sirles, special judge, containing this:

"Came parties in person and by counsel on motion to remove Henry E. J. Seitz as executor of the will of said decedent and this matter being heard, it is ordered that the said executor be and he is hereby removed, and ordered to pay to his successor the sum of $250.00, which was not accounted for in an inventory heretofore filed, and on the Court's own motion, administration de bonis non with the will annexed of the estate of said Charles W. Seitz, deceased, late of this county is hereby referred and confided to Ben J. Johnson, Public Administrator and Guardian of Jefferson County, Kentucky, as administrator with the will annexed."

The attorney for Henry E. J. Seitz on May 31, 1930, filed a motion to set aside this order of May 8, 1930, because made without sufficient or any ground therefor, and on that day Judge Sirles sustained it, as appears from his signed indorsement thereon, and on June 2, 1930, and so it is claimed before the opening of the June term of the county court this order was made:

"No. 15249. Estate Charles W. Seitz, Sr., deceased came herein Henry E. J. Seitz, by counsel, and moved the Court to set aside the order of May 8th, 1930 removing him as executor of the estate of the said decedent, because said order was made without sufficient or any grounds therefor, and asks that this motion be entered nunc pro tunc as of May 31 because same had been agreed to by the Judge pro tem sometimes previous thereto, but the order had not been entered. Said motion is sustained by the Court."

Matters ran along, and in December, 1930, Mary Ellen Seitz, the widow and the chief beneficiary under the will of Charles W. Seitz, Sr., notified Henry E. J. Seitz that on December 23, 1930, she would move the court to discharge him as executor, and on the day named she made a motion to set aside the order of March 7, 1929, appointing Henry E. J. Seitz executor of Charles W. Seitz, Sr., and on January 21, 1931, she amended her motion by charging him with waste, mismanagement, incapacity, etc., and pursuant thereto the

regular judge of the court on January 27, 1931, made this order:

"15249. Estate Charles W. Seitz, Sr., deceased— having been submitted upon motion and amended motion of Mary Ellen Seitz to remove Henry E. J. Seitz, as executor under the last will and testament of Charles W. Seitz, Sr., deceased, and to require him to settle his account as such executor, it appears that such order was made in this Court on May 8th, 1930. It further appears that on June 2nd, 1930, an attempt was made to set aside the order of May 8th, 1930 which order of June 2nd, 1930, is void. In conformity to the order of May 8th, 1930 the said Henry E .J. Seitz is directed forwith to file a settlement of his accounts as executor of the estate of Charles W. Seitz, Sr."

On February 14, 1931, Henry E. J. Seitz appealed from this order of the Jefferson county court to the Jefferson circuit court pursuant to section 724 of the Code of Practice in civil cases. On May 23, 1931, this motion was made in the circuit court:

"Comes the plaintiff, Mary Ellen Seitz, and moves the Court to dismiss this appeal, because it was not taken within sixty days from the entry of the order herein appealed from, upon which motion she prays the judgment of the Court."

On November 7, 1931, the circuit court made an order containing this:

"The Court being advised, it is ordered that the motion of the plaintiff to dismiss the appeal herein, be and it is sustained, to which the defendant by counsel excepted."

On November 10, 1931, motion of Henry E. J. Seitz to set aside this order was overruled, and on April 9, 1932, he filed this appeal in this court. The pivotal question in this case is the power of the Jefferson county court on May 31, 1930, to set aside the order it had made on May 8, 1930.

It is admitted the May term of that court did not close until the opening of the June term on June 2, 1930. Whether this order of June 2, 1930, was entered before or after the opening of the June term of the Jefferson county court is not material, for the special

judge who had made the order of May 8, 1930, had become convinced he had no grounds for so doing, and had on May 31st sustained the motion of Henry E. J. Seitz to set it aside, and had so indorsed the motion and had signed it. After that was done, the court had authority at the June term or even at a later term to enter such an order of record nunc pro tunc. See Rogers v. Biggstaff's Ex'r, 176 Ky. 413, 195 S. W. 777; Benton v. King, 199 Ky. 307, 250 S. W. 1002; Morgan's Adm'r v. L. & N. R. Co., 181 Ky. 76, 203 S. W. 1065; Ralls v. Sharp's Adm'r, 140 Ky. 744, 131 S. W. 998.

After that order was entered, the parties were restored to the status they had occupied previous to the entry of the order of May 8, 1930.

The parties have briefed this case with great elaboration, but the vital question is, Did Judge Sirles during the May term of the county court have power to set aside the order he had made on the 8th of that month? The answer is "Yes." See Morris v. Morris, 225 Ky. 823, 10 S. W. (2d) 277, and cases there cited.

The testator selected Henry E. J. Seitz as his executor and his wishes should be respected. If the estate is being endangered in any way, there are abundant means provided for its protection as we pointed out in Home Mission Board v. Wylie's Ex'rs, 230 Ky. 284, 18 S. W. (2d) 1106.

The judgment is reversed, with direction to set aside the order dismissing the executor's appeal and for such other proceedings as may be consistent herewith.