## Lambert v. Emperor Coal Co. et al.

(Decided June 1, 1937.)

F. W. STOWERS for appellant.

HARMAN, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Walter Lambert was employed as a machine runner and machine helper in the Freeburn mine located in Pike county. During the time of his employment the mine was sold by the Consumers Mining Company

to the Emperor Coal Company. He brought this suit against the two companies to recover wages in the sum of $3,000 for coal left in the mine which he had cut between December 1, 1931, and April 15, 1934, and which he had cut and shot between April 15, 1934, and July 3d of that year. The companies moved the court to require Lambert to make his petition more definite and certain. The motion was sustained, and Lambert filed an amended petition itemizing his account as follows:

"22,201 tons at 3 7-12 cents per ton which
  aggregates .........................$ 795.53.
12,075 tons at 4 5-6 cents per ton which
  aggregates .........................$ 583.62.
14,742 tons at 5½ cents per ton which
  aggregates .........................$ 810.81.
15,178 tons at 5 3-5 cents per ton which
  aggregates .........................$ 849.97.
2,200 tons at 6 3-5 cents per ton which
  aggregates .........................$ 145.20.
                                       _____
                                       $3185.13."

Thereafter the companies filed an answer denying certain allegations of the petition as amended, and pleading in substance that under his employment Lambert was to be paid only for the coal that was actually loaded over the tipple, and credited to the coal loader who loaded the coal which he cut. The answer then sets out that Lambert was paid his wages each half month during the entire time of his employment, and that the company settled with him semimonthly during that time. A statement showing the payments was filed with the answer, and it was alleged that Lambert accepted the payments in full settlement of the amounts due. The affirmative allegations of the answer were denied by reply. On motion of the companies the action was transferred to the equity docket, and referred to the master commissioner of the court to hear the evidence and settle the accounts between the parties. The master commissioner reported that, while he was of the opinion that Lambert actually cut and shot a great deal of coal that was not loaded and dumped and for which he received no compensation, yet that he accepted the job knowing that that would be the case, and he could not thereafter complain. He also reported that the payments made by the company had been accepted for

his services in full, and he was estopped from claiming further compensation. Lambert appeals.

At the outset we are met by the contention that the court erred in transferring the case to equity. Under the Code the court may in its discretion order the transfer of an action from the ordinary to the equity docket whenever the court is of the opinion that the transfer is necessary "because of the peculiar questions involved, or because the case involves accounts so complicated, or such great detail of facts, as to render it impracticable for a jury to intelligently try the case." Civil Code of Practice, sec. 10, subsec. 4. No peculiar questions are presented, but the argument is that the case involves both complicated accounts and great detail of facts. Though it be true that the payments made to Lambert semimonthly cover a long period of time, there was no denial that the payments were made, or that receipts were given for payments. The only denial was that he receipted in full for all the wages due him, or was thereby estopped from maintaining the action. It is clear, therefore, that a case of complicated accounts was not presented. Eliminating that feature, there remains the question: What was the contract between the parties? Was Lambert to be paid only for the coal that passed over the tipple, or for all the coal that he cut and shot? If the latter, how much was due him? In addition to these questions, there may be the additional question of estoppel. It seems to us that there is no great detail of facts within the meaning of the Code, and that all the questions involved can be decided intelligently by a jury. Troendle v. Wells, 216 Ky. 819, 288 S. W. 749. We are therefore constrained to the view that the court abused a sound discretion in transferring the case to equity. Insurance Company of North America v. Creech Drug Store, 256 Ky. 56, 75 S. W. (2d) 552.

Judgment reversed, and cause remanded for a new trial in conformity with this opinion.