## COMMONWEALTH v. KAZEE.

Court of Appeals of Kentucky.

Oct. 17, 1952.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., Claude P. Stephens, Lexington, for appellant.

No appearance for appellees.

MOREMEN, Justice.

The Commonwealth, by this appeal, has requested a certification of the law applicable to the following state of facts:

Bill Kazee was convicted of voluntary manslaughter on January 14, 1951. On January 17, 1951, judgment was entered and he was sentenced to confinement for a period of five years. On January 29, 1951, a motion was made to set aside the judgment of January 17, 1951. This motion was sustained on February 1, 1951, at which time the court, upon recommendation of the Commonwealth's attorney, suspended the rendition of judgment and released Kazee on probation for a period of five years. All of the foregoing actions were performed during the January term of the Pike Circuit Court.

The Commonwealth contends that the circuit court had no power to enter an order of probation after sentence had been imposed and insists that such action contravened the provisions of KRS 439.020, which reads in part:

"Any circuit court, subject to the provisions and conditions provided in this chapter, may postpone the entering of judgment and the imposing of sentence and probate any person arraigned before it and charged with crime. * * * Except in cases where punishment is life imprisonment or death, circuit courts, after a plea of guilty or after the returning of a verdict of guilty by the jury, may postpone the entering of judgment and the sentencing of the defendant and place the defendant on probation, or may impose a fine and also place the defendant on probation."

Although counsel concedes that a circuit court has full control over judgment entered during term time, it is argued that once judgment has been entered under the terms of the above-quoted statute, the opportunity for probation is irrevocably past and the court is powerless to undo his act of entering judgment.

In South Mountain Coal Co. v. Rowland, 204 Ky. 820, 265 S.W. 320, we held that the power of the court, in the same term, to set aside a judgment entered by it is inherent and not dependent upon any provisions of the Code regulating the granting of new trials. Such power was defined as being broad and comprehensive and its exercise not to be hampered by the ordinary rules of procedure.

We have said, "A judgment which has been reversed is as though it had never been". Knight's Adm'r v. Illinois Central R. R. Co., 143 Ky. 418, 136 S.W. 874, 875; Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917. And it is equally true that a judgment which has been entered and set aside within the same term of court is also "as though it had never been". Therefore in the instant case, after the judgment of January 17, 1951 had been set aside, the court had full power and right under KRS 439.020 to suspend the rendition of judgment in the case, and release Kazee on probation.

The law is so certified.