Chief Justice Robertson
delivered the opinion of the court.
Toll has prosecuted this writ of error to a judgment of the county court of Hardin, on a motion against him by John H. Geohagen, as paymaster of the third regiment of Kentucky militia, for foiling to pay over militia fines, for which he had given a receipt to William Morgan, as the colonel of the said regiment.
We are of opinion that the county court had no jurisdiction of the case.
The act of 1815, for regulating the militia, II. Digest, 899,authorizes a motion in the county court, by the paymaster, against the sheriff’ or his deputy.
The 4th section of an act of 1821, IÍ. Digest, 933, provides that, “whenever the board of officers in any regiment, may deem it expedient, they may appoint one or more collectors? other than the sheriff; which •collector or collectors, shall be governed by the first section of this act.” The first section here referred to, simply requires "that the collector shall execute bond with approved security, in the county court, “for the faithful discharge of his oficeT
The legislature has prescribed no remedy against a collector, who mayi%e..,appointed by-the board of officers; and we cannot, without violating the principles of law applicable to such a case,decide, that the remedy by motion, which was authorized against the official collector, designated by law, should be applied to the ca^se of an agent appointed by a board of militia officers.
•Remedy against collector, appointed- by board of officers, is by suit on his bond in circuit court.
Tobin, for appellant.
•When a statute imposes a cíuty or creates a liability, and provides no specific remedy for enforcing it, the common law must afford the remedy and regulate the proceeding.
A procedure by motion is summary, and in derogation of the common law, and can never be indulged, unless it be authorized by the express letter or manifest intention of some statutory enactment.
The act of 1821, does not expressly allow a motion in such a case as this; nor will any allowable process of construction tolerate it.-
The county court could have no jurisdiction, unless it had been conferred by statute; and it would not be proper to infer that the legislature intended to confer on it, jurisdiction in this case.
Tbc-remedy against the collector, must he on his bond, aud the suit must, of course, be brought in the circuit court.
Wherefore, the judgment of the county court is reversed, and !he cause remanded, with instructions to dismiss the motion for want of jurisdiction.