## Stratton, Administratrix, et al. v. Wilson.

(Decided February 24, 1916.) .

### Appeal from Oldham Circuit Court.

Executors and Administrators—Distribution of Estate.—In a suit by an heir against the administrator for a settlement and distribution of the estate in his hands, the court may order a partial distribution, leaving sufficient in the hands of the administrator to cover the cost of administration and claims that may be asserted against the estate.

KEITH L. BULLITT, BRUCE & BULLITT and R. T. CROWE for appellants.

DAVIS & DAVIS, D. H. FRENCH, JOHN J. DAVIS and SUM-MERS DAVIS for appellee.

Opinion of the Court by Judge Carroll—Affirming.

Wilton A. Stratton died intestate on October 18, 1913, leaving as his only heirs at law his widow, the appellant, and his niece, the appellee. On November 19th the widow qualified as administratrix of his estate, and in April, 1914, the appellee, his niece, brought this suit against the administratrix to settle the estate of the decedent. The personal estate consisted of bonds of the value of more than $180,000.00, and at the time the suit was brought, or at any rate when the answer of the administratrix was filed, there were no debts due by the estate. After the answer was filed the action was referred to the commissioner for the purpose of settling the accounts of the administratrix, and it seems that the commissioner filed a report, but it is not in the record.

In February, 1915, the court entered an order directing the administratrix to make a partial distribution of the estate by delivering to the appellee certain bonds designated in the order and aggregating in value about $70,000.00. From the order directing this partial distribution the administratrix appeals and asks a reversal on the ground that the order directing the payment of his money before the report of the commissioner had been confirmed or an order made determining the amount in the hands of the administratrix for distribution, was premature.

The appellee had the right under the Code to bring a suit for a settlement of the estate, and the order of court directing the administratrix to deliver to her the bonds mentioned was not made until after the expiration of nine months from the qualification of the administratrix. The answer of the administratrix, which was filed in May, 1914, admitted that all debts of the estate and funeral expenses had been paid, and also that there were no unsettled claims against the estate known to the administratrix. Under these circumstances we do not see how the administratrix was prejudiced by the order of distribution. It left in her hands $40,000.00 or more after setting apart to her an amount equal to the sum ordered to be paid the appellee, and it is very plain from the briefs as well as the record that there were no debts or demands of any sort or character against the estate that could amount to anything like the sum left in the hands of the administratrix in excess of an

amount equal to what was directed to be paid the appellee.

When nine months have expired from the date of the qualification of a personal representative, and there are no debts or demands asserted against the estate, there is no reason why he should not be required, in a suit brought for the settlement of the estate, to pay over to the heirs the shares to which they are entitled, and certainly there can be no objection to a proceeding like this when there is left in the hands of the personal representative for the purpose of paying the cost of administration and any debts against the estate that might arise a sum largely in excess of any debts or expenses that could possibly be asserted against the estate. The administratrix evidently felt very sure that the amount in her hands for the purpose of paying debts was amply sufficient for that purpose or else she would have required a refunding bond.

The judgment is affirmed.