## Home Mission Board of Southern Baptist Church et al. v. Wylie's Executors et al.

(Decided July 2, 1929.)

EMMETT PURYEAR and T. J. UNDERWOOD for appellants.

L. L. WALKER, ROBINSON & KAUFFMAN and G. C. WALKER for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

The appellants, to whom we shall refer as the Baptist Mission Boards, sought to have a receiver appointed to take charge of the estate of Martha H. Wylie, who died on January 1, 1926. Having been unsuccessful, they have appealed.

A paper purporting to be the will of Martha H. Wylie was probated on January 25, 1926. On that same day, and on motion of W. E. Ralston, the executor nominated therein, this order of probate was set aside, and the motion to probate this paper was continued. A hearing was had on March 3, 1926, in the county court, and it was adjudged that the paper in question was not the will of Martha H. Wylie. Thereupon W. E. Ralston qualified as administrator of her estate and continued to so act until October 16, 1926, when (having become a nonresident) he resigned as such administrator and J. P. Ralston was qualified in his stead.

In December, 1927, the Baptist Mission Boards (the residuary legatees under that paper) appealed to the circuit court from the order of the county court refusing to probate it. At a hearing of the matter in the circuit court, had on December 10, 1928, it was by that court found that this paper was her will, and pursuant to that finding this paper was probated as her will by the county court. On January 10, 1929, the Baptist Mission Boards moved the county court to appoint an administrator with the will annexed, which motion was, by the county court, continued until March 2, 1929, when the court permitted W. E. Ralston, the nominated executor, to qualify as executor, fixing his bond at $18,000, upon which bond the nephews of the testatrix became sureties, as the will provided.

The appraisement of the estate shows that it amounts to nearly $23,000, and the contention of the Baptist Mission Boards is that there is other property not included in the appraisement, but which belongs to the estate. In the meantime, the Baptist Mission Boards had, on February 27, 1929, begun in the circuit court a suit under section 428 et seq. of the Civil Code of Practice for a settlement of this estate, wherein, among other relief asked, they sought to have the court appoint a receiver to take charge of the estate, etc. The circuit court heard the matter on March 16, 1929, and refused to make such an appointment, and from that order this appeal is prosecuted.

It is contended that the surety upon this bond is insufficient. By section 3887 of the Statutes, it is provided that an executor shall not be required to give surety when the will so directs, unless upon motion of some one interested, or upon the knowledge of the court it may appear proper to require it. If the sureties named in this will and who have signed this bond are insufficient, then to the extent that they are insufficient this will provides that the executor may qualify without bond; and it is provided by section 3887 that, when such a state of affairs exists, the executor shall, on motion of some one in interest, be required to give surety; and if the Baptist Mission Boards feel that this executor has insufficient surety upon his bond, then ample remedy is given them by this section of the Statutes. And if such a motion is made, and the executor's bond is found insufficient, and he fails to give additional surety, the statute provides for his removal. See, also, section 3839 of the Statutes.

The Baptist Mission Boards question the regularity of his appointment, but that question is not before us, because, if no one had been appointed as executor or administrator with the will annexed, that would not give to the circuit court power to appoint a receiver to take charge of this estate. The remedy would be to apply to the county court to appoint an administrator with the will annexed, if the named executor refused to qualify.

The Baptist Mission Boards question the capacity of the named executor to act, because he is, as they say, a non-resident of the state. If that be true, then section 3846 of the Statutes gives them an ample remedy. The further contention is made that this estate is being wasted, concealed, and mismanaged; that large sums have been paid out to certain distributees, more in fact

than was due them, and no effort has been made to recover this. But again the Statutes give ample remedy. See sections 3846 and 3877; also Zinn's Adm'r v. Brown et al., 225 Ky. 814, 10 S. W. (2d) 300, and Warden v. Hoover's Adm'r, 214 Ky. 370, 283 S. W. 444.

If this executor does not honestly collect, preserve, and administer this estate, his removal should not be a matter of great difficulty; but the circuit court has not, originally, jurisdiction to remove him, and one can hardly imagine a more awkard situation than an estate partly in the hands of an executor under authority of the county court and partly in the hands of a receiver under authority of the circuit court. To say the circuit court can require the executor to turn the estate over to a receiver is equivalent to removing the executor, and thus the circuit court could do by indirection what it cannot do directly.

Finding no error in the judgment appealed from, it is affirmed.

Whole court sitting.