## Threlkeld et al. v. Threlkeld et al.

(Decided March 21, 1933.)

HOLIFIELD, GARDNER & McDONALD for appellants.

MARTIN & ROBERTS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

G. Berry Threlkeld, Sr., domiciled in Obion county, Tenn., died testate September 8, 1930. Mary B. Threlkeld, his wife, was nominated therein as executrix. She offered in the probate court of Obion, Tenn., a will with four codiciles for probate. The will and each codicil was signed by the testator, and his signatures were at-

tested by two witnesses. They were admitted to pro-bate by the county court of Obion county, Tenn. The order of probate recites that the will and codicils were probated on the testimony of the two subscribing wit-nesses, who testified that G. B. Threlkeld, Sr., signed the original will and each of the four codicils in their presence, and at his request they signed the same as attesting witnesses in his presence, on the dates re-spectively shown by the will and the codicils, and that at the time they were signed by the testator and by them as attesting witnesses, the testator was more than 21 years of age, of sound mind and disposing memory, and resided in Obion county, Tenn., at the time of his death.

The will, the four codicils, and the order of probate were certified by the clerk and judge of the county court of Obion county in manner and form required by the acts of Congress. At the time of the death of the testator he was the owner of certain land situated in Fulton county, Ky., which was devised to certain indi-viduals named in the will and codicils, with power in the executrix to sell and distribute the proceeds thereof as directed by the will. The widow, who was the ex-ecutrix of the will, offered for probate in Fulton county a copy of the will and four codicils, and the order of probate of the Obion county court, Obion county, Tenn., certified as required by the acts of Congress (see 28 USCA sec. 687). The county court of Fulton county, exercising the authority conferred by section 4854, Ky. Stats., probated the will as therein directed.

G. B. Threlkeld, a son of the testator, who was de-vised by codicil No. 4, $5, directed to be paid by the executrix out of the estate of the testator, filed a peti-tion and amended petition in the Fulton circuit court against the widow and children of G. Berry Threlkeld, Sr., attacking the will and codicils on the ground that they were executed by the testator under undue influ-ence, and while he was of unsound mind. Later, he, in connection with Lewis D. Threlkeld and Berry Threl-keld, entered a motion for the appointment of a receiver of the land owned by the testator in Fulton county, Ky., wherein they charged that they had an interest in the land, and that "it is in danger of being materially injured, and proceeds lost by reason of the action of the executrix of the will of the testator"; that she had refused to have anything to do with the land, to rent,

collect the rents, pay the taxes, or to see that it was planted and crops grown on it, and that she was permitting the taxes to become delinquent and refusing to pay them, and that by reason thereof, they were losing, and would continue to lose, the rents and profits, and that "great and irreparable loss will result to said property, and great financial loss will result and be sustained by these heirs, and that in their opinion there is no other adequate remedy at law."

The executrix filed a response to this motion, and in one paragraph she interposed as a defense the recitations of the order of probate entered by the Obion county court, and the order of probate of the Fulton county court. To this paragraph of her response the court sustained a demurrer.

On the submission of their motion on the evidence in the form of affidavits, the court appointed the master commissioner of the Fulton circuit court, receiver, and directed him to take charge of the real estate owned by G. B. Threlkeld, Sr., at the time of his death, "with instructions to manage, operate, rent and lease the real estate and hold the income thereof subject to the future orders of the court, his responsibility as receiver to be covered by his official bond as master commissioner." The executrix excepted, and prayed an appeal from this order, which was granted. This case is here on appeal only from this order. The propriety of appointing a receiver in such case was decided adversely to the movants, G. B. Threlkeld, Lewis Threlkeld, and Berry Threlkeld, in the case of Home Mission Board of Southern Baptist Church v. Wylie's Ex'rs, 230 Ky. 284, 18 S. W. (2d) 1106. It is conclusive of the question of appointing the receiver, now presented. We do not deem it necessary or required of us to reiterate our reasons therein expressed or to extend or supplement them.

Counsel of the parties have presented in their briefs, and urge that we consider and determine whether G. B. Threlkeld has the right to attack the will by this procedure, or whether, on a trial of the issues presented by his petition as amended, he is barred by the judgments of probate, or, if not, whether the circuit court, on a trial thereof, is confined to the identical questions which section 4854, Kentucky Statutes, confers jurisdiction on the Fulton county court to determine and which it exercised when it admitted the certi-

fied copy of the will, the codicils, and the order of the Obion county court to probate, or whether the circuit court may de novo determine the contest on the grounds of undue influence and unsoundness of mind of the testator.

The circuit court has not passed on these questions. It entered no final judgment appertaining thereto. We do not deem it our duty or prudent to decide them when so presented by the petition of a party, and not determined by the circuit court, except collaterally. For this reason we express no opinion concerning either of them.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.