## Smith et al. v. Graham et al.

(Decided June 10, 1938.)

WEBB & WEBB and L. R. SMITH for appellants.

NANCY DAY MONTGOMERY and T. L. LAMKIN for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

P. R. Hays, a citizen and resident of Hickman county, Kentucky, died in March 1934, unmarried and intestate. On April 2, 1934, J. R. Graham and D. B. Graham were appointed administrators of the decedent's estate, and duly qualified as such. The estate consisted of personal property valued at about $13,-000.00 and real estate of the value of $15,000.00—a total of $28,000.

On October 3, 1934, H. H. Graham and his wife, Gertrude Graham, who were heirs-at-law and distributees of the estate of decedent, filed this suit in the Hick-

man circuit court for a complete settlement of the estate personal and real, and asked that the real estate be sold and the proceeds thereof be distributed among the heirs-at-law of the decedent according to their respective interests. Plaintiffs named as party defendants, J. R. Graham and D. B. Graham, the administrators, and about 72 other heirs and distributees of the decedent, a number of whom were infants and some of them were non-residents of the state, and one an incompetent.

The case was continued on the docket from time to time presumably for the purpose of getting the various defendants before the court and no answer was filed until August, 1935, when the defendants through and by the administrators, warning order attorneys, guardians ad litem, etc., filed their answer and cross petition alleging, among other things, that while paragraph 1 of the petition filed by the plaintiffs purports to be a suit for settlement of the estate, but in truth and in fact the said cause of action was a suit for the distributable share o1 the plaintiffs and that all relief they were entitled to was their distributable share and that plaintiffs knew all claims against the estate had been paid in full and that the said action was so drafted as to place the expense and burden of costs on the estate for the collection of the plaintiffs' distributable share, and prayed that the court adjudge same. to be a suit for the distributable share of plaintiffs, but not for the benefit of the other interested parties.

In October, 1935, defendants filed a demurrer to the petition and without waiving the demurrer they filed a motion to dismiss the petition insofar as it seeks a settlement of the estate, for reason that there are no unpaid or outstanding obligations of the deceased, and all debts had been paid in full. The court overruled the demurrer and the motion to dismiss the petition and by subsequent pleadings the issues were made and the cause proceeded with and judgment entered settling the estate including a sale of the real estate on the ground of its indivisibility and further ordered a distribution of the estate to those entitled thereto according to their respective interests.

At the conclusion of the litigation the law firm of Bennett and Smith, composed of L. R. Smith and Joe W. Bennett, who were attorneys for the plaintiffs, en-

tered motion and moved the court to allow them a fee of $1,000.00 for their services in the settlement of the estate to be taxed as costs and paid out of the assets of the estate. The defendants objected to the motion which the court sustained and refused to allow plaintiffs' attorneys any sum as attorney fees as against the estate upon the ground that the suit brought and prosecuted by the plaintiffs was not for the benefit of the other parties' interests, but for plaintiffs' sole benefit, and to reverse that judgment L. R. Smith, in his own right and as the surviving partner of the firm of Bennett and Smith (Bennett having deceased since the suit was instituted) and Frances Suggs, as administratrix of the estate of Joe W. Bennett, deceased, and the plaintiffs, H. H. Graham and Gertrude Graham, have prosecuted this appeal.

The appellants, plaintiffs below, being heirs and distributees of the estate of decedent, they had the right to bring suit for settlement of the estate. Stratton v. Wilson, 168 Ky. 699, 182 S. W. 858, 859; Faulkner v. Tucker, 83 S. W. 579, 26 Ky. Law Rep. 1130; Allen v. Foth, 210 Ky. 343, 275 S. W. 804.

In the last cited case it was held that the widow of the decedent as distributee could maintain a settlement suit although there was no personal property except such as was exempt to her and no administrator, although her interest in the estate was small. The court said (page 805):

"It is not material whether the interest of the distributee is small or great. The widow as distributee is vitally interested in the settlement of the estate. The obvious purpose of the Legislature in using the word distributee was to allow the action to be brought by one of the distributees, although such distributee might not be an heir."

Defendants do not seriously, if at all, insist that the plaintiffs had no right to maintain the suit, but they insist on affirmance of the judgment upon the ground that the suit was for the sole benefit of plaintiffs but not for the benefit of the other heirs and distributees who were not benefited by the suit; and further, that appellees employed and paid their own counsel. Defendants insist that this case comes within the rule enunciated in the case of John Lay et al. v. Mary Jane Lay et al., 201 Ky. 93, 255 S. W. 1054, wherein it is held

that in an action against heirs, in form of a suit to settle the estate, but in substance and reality an action to recover on contested claims, an attorneys' fee should not be allowed out of the estate, the services being performed by the attorneys for the benefit of their clients alone. Defendants also cite other cases and authorities of a similar nature, but it is not necessary for us to discuss all of them, since the rule stated in the Lay case, supra, is the foundation or principle upon which defendants rely. The argument is that this suit, while in the *form* of a settlement suit, was in reality an action of the plaintiffs to recover only their distributable share of decedent's estate.

Upon examination of the pleadings we do not find that the plaintiffs assert any claim against the estate, nor do they seek any relief except a general and complete settlement of the entire estate and a distribution thereof to the respective heirs and distributees. The petition alleges that the estate of the deceased should be divided into eight parts and distributed to the respective heirs of the respective brothers and sisters of the deceased—said brothers and sisters being dead at that time, and leaving as their heirs the parties set out and named therein. They alleged that the estate of decedent is not indebted to any person known to the plaintiffs other than the hospital of Mayfield, Kentucky, and to the undertakers of Fulton, Kentucky, and the statutory fees due the administrators of the estate and the costs of settlement. The plaintiffs further alleged that H. H. Graham is one of the heirs-at-law of P. R. Hays, deceased, and one of the distributees of the estate, and as such he is entitled to bring suit. At the close of the first paragraph of the petition they prayed for a settlement of the estate of deceased and that the action be referred to the master commissioner of the Hickman circuit court to ascertain and report the amount of debts against the estate, if any, and that the commissioner be directed to settle with the administrators of the estate, and after the payment of the lawful debts and the costs of administration, including hospital bills, burial expenses, etc., that the balance of the said estate be finally settled and distributed to the distributees and heirs entitled thereto, and that proper allowance be made for the attorneys of the plaintiffs for legal services rendered in the action and paid out of the estate.

Paragraph 2 of the petition set out and described the real estate owned by the decedent at the time of his death, and named the heirs entitled thereto, alleging that part of them were non-residents of the state, others were minors and one an incompetent and asked for warning order attorneys to be appointed to represent the interest of such infants, non-residents and incompetent, and further prayed for a complete and final settlement of the estate, personal and real, and for a sale of the real estate and a division of the proceeds of same and that same be referred to the master commissioner of the Hickman circuit court for proof of claims if any as against the estate of decedent and that the administrators be required to settle with the master commissioner of the court and that their attorneys be allowed a fee to be fixed by the court and taxed as costs and that after the payment of all debts and costs of the administration and costs of the suit, including said attorneys' fee, the net proceeds of the estate be distributed among the heirs and distributees of the decedent according to their interests.

It is thus seen from the allegations of the petition and the relief asked in the prayer thereof, that the action does not purport to be one for the recovery of any claim or debts against the estate in behalf of the plaintiffs, nor does it seek only to recover their distributable shares; but, on the contrary, it is obvious that the action is one for a general and final settlement of the estate and a distribution thereof to those entitled thereto, and for the benefit of the defendants as well as the plaintiffs.

Defendants also stress the fact that they employed their own counsel and insist that for that reason the estate should not be required to contribute to counsel for plaintiffs. While the litigation was pending and after the court overruled the demurrer to the petition and the motion to dismiss same, the administrators filed their separate action asking the advice of the chancellor in the settlement and distribution of the estate, which was the same relief sought in plaintiffs' suit, but did not offer to join with plaintiffs in the prosecution of their suit. If the administrators or other defendants desired a settlement of the estate and the advice of the chancellor, the suit filed by plaintiffs and then pending was sufficient to accomplish that end, without filing their

separate action for the same purpose, which latter action was surplusage and unnecessary.

In Taylor v. Taylor, 223 Ky. 799, 4 S. W. (2d) 752, James H. Taylor, one of the devisees of the estate, employed W. C. McChord as his attorney to bring suit for a settlement of the estate. There were numerous questions and issues involved in that case, not necessary to consider for the purpose of a decision in the present case, and we will consider only the one involving the question of McChord as attorney for James H. Taylor being entitled to a fee for his services to be paid out of the estate. The executors and a number of devisees filed answer, but none of them offered to join with James H. Taylor in his suit. Some of the devisees objected to any allowance as compensation to the attorney for James H. Taylor for his services to be paid out of the estate, and another devisee filed an answer in which it was alleged that the executors were doing their duty and asking that they be allowed to administer the estate without interference. Discussing the question as to whether McChord as attorney for James H. Taylor was entitled to be paid a fee out of the estate, the court said (page 756):

"This attorney appears to have been active in his effort to bring about a settlement of the estate, and he testified that he recovered for the estate sums aggregating $30,000. It is probable that this estimate is too high, but we do not believe that his compensation should be measured alone by the amount recovered for the estate. Section 489, Kentucky Statutes, provides for the allowance of a reasonable compensation for trouble and necessary expenses, in addition to fees and costs, where one party in interest has prosecuted a suit for the benefit of others interested with himself. Such compensation and expenses are to be allowed in actions for the settlement of estates as well as for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common. It appears to us that, if any suit to settle an estate is instituted by one of the interested parties, and prosecuted to judgment, the attorney representing the party is entitled to compensation for his services out of the estate. It is true the section provides that such allowance as may be made shall be paid out of the

funds recovered before distribution. But in many suits to settle an estate there may be no effort to recover funds which would have been lost to the estate but for the suit. The compensation is for services rendered by one for the benefit of all the interested parties.

"It is provided by section 889, Kentucky Statutes, in making such allowances, that courts shall have a judicial discretion in regard to the costs. It is true that, where the other parties in interest are represented by attorneys, their interest in the estate shall not be subjected to the payment of attorneys representing other interested parties. *In this litigation no other party was ever joined with James H. Taylor in the prosecution of his suit to have the estate settled. It cannot be said that a party is represented by an attorney in such a case unless that attorney is seeking the same end as the party who instituted the suit for the settlement of the estate. Many of the devisees in this case filed answers, and some of them sought to reach the executors by cross-petition, but none of them met the issues squarely and offered to join with James H. Taylor in the prosecution of his suit for the settlement of the estate.* We have reached the conclusion that W. C. McChord was entitled to an allowance to be paid by the estate for the services which he rendered in representing James H. Taylor. Our conclusion is supported by the opinions of the court in the cases of Clark v. Pepper's Adm'r, 132 Ky. 192, 116 S. W. 353; Louisville Presbyterian Seminary v. Botto, 117 Ky. 962, 80 S. W. [177] 179, 25 Ky. Law Rep. 2137; Mattingly v. Mattingly, 72 S. W. 802, 24 Ky. Law Rep. 2029; McCain v. McCain, 167 Ky. 115, 180 S. W. 56; Baldwin's Executor v. Barber's Executors, 151 Ky. 168, 151 S. W. 686, Ann. Cas. 1915A, 14. All of these cases are not directly in point, but the necessary inference to be drawn from them is that in cases such as this the attorney representing the plaintiff in a suit to settle an estate is entitled to a fee to be paid by the estate." (Our italics.)

Defendants insist that the facts involved in the Taylor Case, supra, are inapplicable to the facts in the present case, in that in the Taylor Case it appears that

the executors had been holding large sums of money in their hands for a period of about three years and making no effort to settle the estate or make any distribution thereof; whereas in the present case plaintiffs brought this suit six months after the qualification of the executors and before they had reasonable time to settle the estate. It must not be overlooked that the right of an interested party to bring a settlement suit six months after the qualification of the administrator is an unconditional right. Section 428, Civil Code of Practice. The law does not condition that right upon the circumstances or immediate necessity of bringing the suit, and one having such right may exercise it at any time he may choose. It appears to us that the Taylor Case is conclusive of the present one.

For the reasons stated the judgment is reversed and remanded with directions to set it aside and to allow appellant's counsel a reasonable allowance as attorney fee for their services rendered, same to be paid out of the estate.