## Stafford's Ex'rs v. Spradlin et al.

March 22, 1946.

Wheeler & Wheeler for appellants.

Ralph Stafford and Meade & Meade for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Jesse Stafford, Sr., died in 1935, survived by his widow and eight children. He left a substantial estate which he devised to his widow for life and to his children in remainder. Expressing full confidence in the "integrity, business ability and judgment" of his two sons, Harry G. Stafford and Jesse Stafford, Jr., he nominated them as executors of his will and conferred complete powers upon them in managing, handling and disposing of his property for the use and benefit and during the life of their mother. The testator directed that they should serve without bond and that no inventory and appraisal of his estate be made. The two sons qualified and have managed the estate during the ensuing years. The mother was 96 years old when the judgment appealed from was rendered.

This suit was instituted in 1940 against the executors by their brother, Ralph Stafford, and three of their sisters, charging them with incapacity, negligence and mismanagement of the estate, and a violation of their trust. They charged waste and dissipation and what is ·in effect embezzlement of a part of the estate. The relief prayed was for an accounting and restoration of property and money of the estate and for an injunction against them from further acting as executors unless and until they should execute bond. They prayed that a special commissioner be appointed to take charge of the property and collect the rents and income and pay all legal claims.

Special and general demurrers to the petition being overruled, the defendants traversed the allegations of the petition and much evidence was taken upon the issues formed. The case pursued a leisurely course for five years. In May, 1945, the court appointed Harry G. Stafford (one of the executors) and Ralph Stafford (one of the plaintiffs and chief objector) as receivers to take charge of all the "property and affairs" of the estate and to administer the estate in accordance with the will "as closely as can reasonably can be done." Harry G. Stafford declined the appointment, and the defendants perfected an appeal from the order. Several weeks later Ralph Stafford was removed as receiver and Mae Meade was appointed in his place. It was adjudged that the executors were indebted to the estate in the sum of $1,951, which, with interest and all "other cash, account books and leases belonging to the estate," was directed to be paid to the receiver.

By an original action in this court the defendants, now appellants, sought a writ of prohibition against the circuit judge to prohibit him from enforcing the original order appointing the receiver. It was denied because it was not a proper remedy. Stafford v. Bailey, 301 Ky. 155, 191 S. W. 2d 218.

The special demurrer to the petition should have been sustained as the circuit court was without jurisdiction of the subject matter. The statutes lodge original jurisdiction in the county court over the complaints alleged. The remedy provided for beneficiaries of an estate against personal representatives for mismanagement and waste is to be found in KRS 395.130 and

395.160. The former statute provides for the removal by the county court of executors who fail to give bond which that court finds should be given as a protection, and the latter provides for the removal of a personal representative upon several grounds, one of which is that he is shown to be "incapable of discharging the trust." This clause is construed as embracing mismanagement and waste which will result in substantial loss to the distributees. Warden v. Hoover's Adm'r, 214 Ky. 370, 283 S. W. 444; Zinn's Adm'r v. Brown, 225 Ky. 814, 10 S. W. 2d 300; Home Mission Board of Southern Baptist Church v. Wylie's Executors, 230 Ky. 284, 18 S. W. 2d 1106, 1107. In the latter case, in affirming a judgment denying a receiver for a decedent's estate upon charges of waste, we said:

"If this executor does not honestly collect, preserve, and administer this estate, his removal should not be a matter of great difficulty; but the circuit court has not, originally, jurisdiction to remove him, and one can hardly imagine a more awkward situation than an estate partly in the hands of an executor under authority of the county court and partly in the hands of a receiver under authority of the circuit court. To say the circuit court can require the executor to turn the estate over to a receiver is equivalent to removing the executor, and thus the circuit court could do by indirection what it cannot do directly."

That is entirely appropriate to this case. The same ruling was made in Threlkeld v. Threlkeld, 248 Ky. 332, 58 S. W. 2d 590.

Wherefore the judgment is reversed.