Nancy Igo MYERS, Appellant,

v.

STATE BANK & TRUST COMPANY, Executor of the Estate of B. M. Igo, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Clay Shackelford, Shackelford & Burnam, James E. Thompson, Richmond, Frank S. Ginocchio, Lexington, for appellant.

George T. Ross, G. Murray Smith, Jr., Richmond, Roy H. Pennington, Frankfort, for appellees.

WADDILL, Commissioner.

B. M. Igo, a resident of Madison County, died testate on February 12, 1951, survived by his widow, Willie Harber Igo, and two daughters, Betsy Igo Carr and Nancy Igo Myers, the beneficiaries of his estate. His will was probated on March 7, 1951, and the State Bank & Trust Company of Richmond qualified as executor. On April 23, 1951, the executor filed an inventory and appraisement listing the total value of Igo's estate at $326,870.43 of which $165,990.54 was on deposit in certain banks.

This action was filed in the Madison Circuit Court on December 24, 1953, more than two years and nine months after the bank had qualified as executor. The suit was instituted by Nancy Igo Myers against the executor (and others), charging the executor with mismanagement, neglect and breach of its fiduciary duties, and seeking: (1) damages therefor; (2) enforcement of the trust created in the will; and (3) a settlement of the estate under the supervision of the circuit court.

The executor moved to dismiss the complaint on the ground that the circuit court had no jurisdiction of the subject matter of the action. The basis of the motion was that the Madison County Court had exclusive jurisdiction over the settlement of the estate. The circuit court sustained the motion to dismiss the action and this appeal is prosecuted from a judgment accordingly entered. Consequently, the only question presented by this appeal is whether the circuit court had jurisdiction of the subject matter.

The Madison County Court had original jurisdiction to probate the will and to appoint the executor. KRS 25.110. The county court could have, for sufficient cause, removed the executor. KRS 25.110, 395.160. Also, the county court had the power to compel the executor to file settlements.

**934**

KRS 25.170, 25.175. However, KRS 395.-510(1) provides that:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative."

Numerous decisions of this Court have unequivocally upheld the circuit court's jurisdiction to settle an estate of a decedent under KRS 395.510(1). Peoples National Bank v. Guier, 284 Ky. 702, 145 S.W.2d 1042; Smith v. Graham, 274 Ky. 144, 118 S.W.2d 194; Taylor v. Taylor, 223 Ky 799, 4 S.W.2d 752; Carpenter v. Wilhoite's Adm'x, 213 Ky. 75, 280 S.W. 481; Allen v. Foth, 210 Ky. 343, 275 S.W. 804; Tanner v. Ayer, 209 Ky. 247, 272 S.W. 720. In Smith v. Graham, 274 Ky. 144, 118 S.W.2d 194, 195, the jurisdictional question was disposed thusly:

"The appellants, * * * being heirs and distributees of the estate of decedent, they had the right to bring suit for settlement of the estate. (citing cases) * * *. Defendants insist that the facts involved in the Taylor Case, [Taylor v. Taylor, 223 Ky. 799, 4 S.W.2d 752] are inapplicable to the facts in the present case, in that in the Taylor Case it appears that the executors had been holding large sums of money in their hands for a period of about three years and making no effort to settle the estate or make any distribution thereof; whereas in the present case plaintiffs brought this suit six months after the qualification of the executors and before they had reasonable time to settle the estate. It must not be overlooked that the right of an interested party to bring a settlement suit six months after the qualification of the administrator is an unconditional right. Sec. 428, Civil Code of Practice. [Now KRS 395.510] The law does not condition that right upon the circumstances or immediate necessity of bringing the suit, and one having such right may exercise it at any time he may choose. It appears to us that the Taylor Case is conclusive of the present one."

In view of our decisions construing KRS 395.510(1), the Madison Circuit Court had jurisdiction to determine the issues raised in the instant action. Therefore, the court erred in dismissing the complaint.

The judgment is reversed.

STEWART, J., dissenting.