Thelma LEE, Incompetent by Eddie S. Dawson, Next Friend, Appellant,

v.

J. Chester PORTER, Administrator with Will Annexed of the Estate of Jeffie Lee, Deceased, and as Committee for Thelma Lee, Incompetent and Thomas B. Givhan; Lindsay M. Wiggington and Harry Roggencamp, Appellees.

Court of Appeals of Kentucky.

Feb. 8, 1980.

Rehearing Denied May 2, 1980.

Douglas M. Lamb, Erwin S. Sherman, S. Arnold Lynch, Lynch, Sherman & Fowler, Louisville, for appellant.

J. D. Buckman, Jr., Shepherdsville, for appellees, Wiggington and Roggencamp.

Athol Lee Taylor, Taylor, Waller & Wooldridge Shepherdsville, for appellee, Porter.

John E. Spainhour, Shepherdsville, for appellee, Givhan.

Before COOPER, GUDGEL and LESTER, JJ.

LESTER, Judge.

This is an appeal from an order dismissing the claim of an incompetent against her fiduciary for want of jurisdiction of the subject matter. It presents a question of first impression under the recently adopted constitutional judicial article and the statutes enacted pursuant thereto.

J. Chester Porter was appointed as the committee of Thelma Lee, an incompetent; he was also appointed as the administrator with will annexed of Thelma's deceased husband's estate. In addition, he served as her attorney in fact. Thelma, through her next friend, brought an action against Porter for his removal from all three positions. The complaint, filed in the circuit court, was based upon the fiduciary's mismanagement of the estates, his lack of prudence in making investments, his failure to inform the probate judge that the husband was indebted to him, his failure to make accounting of certain items of personal property and the withdrawal of excessive fees. The prayer of the complaint sought, among other things, Porter's removal as administrator and committee, accountings in his several capacities, reimbursement for funds withdrawn, a surcharge against Porter for all sums which the estate would have realized if the assets had been wisely invested and judgment against the sureties.

The court concluded that it had jurisdiction of the action against Porter acting in his capacity as attorney in fact because that was nothing more than a common law action between a principal and agent for an accounting. No appeal was taken from that portion of the order. The circuit court further determined that it was without jurisdiction to entertain that segment of the litigation to remove the committee and to require an accounting because that was the exclusive function of the district court. Although not stated in so many words, the trial court reached the same result as to appellee, Porter, in his capacity as administrator.

By way of brief, the fiduciary suggests that:

Since the recent adoption of the judicial article and the establishment of the present court system, it is important to both the public and the bar that a uniform and simplified procedure be implemented as quickly as possible. The legislature, to that end, adopted a series of statutory amendments and it is these statutory provisions that now require judicial interpretation.

To some extent, we agree with the foregoing statement, but we are unwilling to say that the changes extensively simplified the procedures or made any such sweeping reforms.

■ At the outset, we feel it incumbent upon us to point out that by virtue of Section 113 of the Kentucky Constitution district courts are tribunals of limited jurisdiction and therefore, restricted to those matters and functions delineated by statutory enactment. We readily observe that a district court can appoint or remove a fiduciary in the ordinary course of the probate of an estate, but when issues of fraud, mismanagement or deception are involved, the cause of action addresses itself to a court of general jurisdiction especially when damages are sought.

Not only the trial court but also the parties to this appeal point out the inconsistency between the opinions in *Stafford's Ex'rs v. Spradlin*, 301 Ky. 841, 193 S.W.2d 474 (1946) and *Myers v. State Bank & Trust Company*, Ky., 307 S.W.2d 933 (1957), in that the former case holds that an action for mismanagement of an estate lies only in the county court while the latter determines the circuit court to be the proper forum. *Stafford's Ex'rs* had as its basis KRS 395.160 which limits removal of a personal representative because of the incapability to act as such, nonresidency coupled with failure to designate an agent for service of process, bankruptcy, insolvency, failing circumstances or refusing or failing to provide additional security when required. Under those enumerated circumstances, the district court shall remove the fiduciary but nothing in the statute places removal within the *exclusive* province of that lower court *Myers* was decided pursuant to KRS 395.-510. The case alleged mismanagement and neglect of duties and sought damages and settlement of the estate under supervision of the circuit court. After recognizing that the county court (now district court) had the power to remove the fiduciary for sufficient cause (citing KRS 395.510) and the additional authority to compel settlements, the Court of Appeals determined that "[n]umerous decisions of this Court have

unequivocally upheld the circuit court's jurisdiction to settle an estate of a decedent under KRS 395.510(1)." Thus, we note that the two cases had different statutory foundations even though both had reference to mismanagement of an estate. Interestingly enough, both laws were amended by the 1976 Extraordinary Session of the General Assembly, but in KRS 395.160 only to the extent that district court was substituted for county court while in 395.510, circuit court was substituted for equity. Everything else remained unchanged.

■ It is true that a new section of the statutes providing for district court settlements of fiduciaries was created by the special session of the 1976 Legislature, but insofar as the hearing of evidence in connection therewith, it is not mandatory that the district court do so for throughout KRS 395.615 we find the repeated use of the term "may" with reference to adducing testimony, coercing the attendance of witnesses, etc. In other words, in the district court there is no necessity that an action be brought and no absolute right to a hearing.

■ In order to grant each person so entitled to his day in court with relation to probate matters, the General Assembly enacted KRS 24A.120(1) which placed exclusive jurisdiction in the district courts for such cases except those that are to be contested in an adversary proceeding and in this latter instance, the circuit court had jurisdiction. This statute is in complete harmony with KRS 395.510(1) (as it was both before and after its amendment) and the *Myers* case. It, thus, is our perception that in cases involving the particular causes listed for removal of a personal representative in KRS 395.160 the district court had *original jurisdiction while in those situations where mismanagement, fraud, deception or other causes which required proceedings adversary in nature, then the circuit court had jurisdiction pursuant to KRS 395.510. This would be especially true where damages were sought from the personal representative or as in this case where a surcharge was sought.

Even though the complaint sought the removal of Porter as administrator, the appellant concedes "that the circuit court is not vested by statute with the power of removal citing *Riedinger, Sr. v. Murphy*, Ky., 337 S.W.2d 22 (1960). In view of this concession, we feel it unnecessary to address the question except to comment that the *Riedinger, Sr.* case was decided upon the ground that the fiduciary never qualified as such in the county court and is therefore not authority for appellant's position herein.

■ Since much is made in the trial court's opinion and the briefs concerning the inconsistency of the *Stafford's Ex'rs* and *Myers* case, we believe one more comment to be proper. This jurisdiction has not favored the overruling of precedent by implication, but in some instances, it becomes necessary and in that event, the later decision will prevail. 20 Am.Jur.2d *Courts* § 232 and 21 C.J.S. Courts § 192. In such a situation, we must follow the decision that announces the sounder reasoning, *Meade v. Commonwealth*, 214 Ky. 88, 282 S.W. 781 (1926), and in the case at bar, we consider this to be the *Myers* opinion.

Appellees argue that this is not a suit to settle the estate of Jeffie Lee because certain allegations were not made in the complaint. Although we note a distinction without a difference between settling the estate and settling accounts in this litigation, we believe that the argument addresses itself to the circuit court upon remand and not to us for we are concerned only with the question of jurisdiction to entertain the action and not flaws in pleadings, if any there be. The Bullitt Circuit Court had jurisdiction of this cause of action against the administrator.

■ We are also presented with a jurisdictional issue with reference to the action against Porter in his capacity as committee for Thelma Lee. The complaint sought his removal, an accounting and surcharge based upon mismanagement of the estate. The 1976 statutory enactment of KRS 387.210 amended the former provision to the effect:

(1) The district (county) courts shall have exclusive jurisdiction of the appointment and accounting of committees. Application shall be filed and notice given in the same manner required for guardians. There shall be filed with said application a statement from the clerk of the circuit court that the incompetent has been adjudged as such. Appointment shall be made, bond executed, and accounting required in the same manner as guardians and actions upon such bond may be maintained by any person aggrieved by a breach thereof.

(2) An appeal may be taken to the circuit court from the judgment of a district (county) court appointing or removing, or failing to appoint or remove, a committee by any person interested in the person or estate of the person of unsound mind, who shall execute a bond for costs as in other appeal cases.

As we have previously noted, Section 113(6) of the Constitution restricts the powers of the district court to those of a court of limited jurisdiction. The term "limited jurisdiction" means that the forum only has the powers that are given to it by legislative grant. *Tull v. Geohagen*, 26 Ky. 377, 3 J.J. Marsh 377 (1830), *Silversack v. Kraft*, 194 Ky. 587, 240 S.W. 392 (1922), *Adams' Heirs v. McCoy*, 212 Ky. 731, 279 S.W. 1103 (1926). Even though KRS 387.210 confers exclusive jurisdiction upon the district court to appoint, remove and require accounting of committees and provides further for appeal to the circuit court from such acts or failure to act there appears to be no power to entertain actions involving such a fiduciary where mismanagement, fraud or deception is involved. Neither does there appear any authority to surcharge accounts or assess damages. Since the case at bar seeks the relief last mentioned based upon mismanagement of the estate by the committee, then the appellant had no alternative but to commence this action in the circuit court since the district court was without statutory power to render the judgment sought. Our view finds support in Section

112(5) of the Constitution of the Commonwealth which mandates:

> The circuit court shall have original jurisdiction of all justifiable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law.

As the opinion below pointed out, "[p]laintiff claims mismanagement and waste of two estates and implies worse", we believe the action against Porter in his capacity as committee was properly brought in the circuit court.

The conclusion we have reached as to Porter in his capacity as administrator and committee would not appear to be violative of the legislative intent for the 1978 General Assembly enacted KRS 395.650 the first phrase of which provides "[w]here fiduciaries appointed in the district court are required to make settlement in the circuit court, . . .". This statute, therefore, would allow the appellee to bring his action in the circuit court.

An issue not raised in this appeal but which was presented to the circuit court by way of appellee's answer was the lack of standing of Eddie Dawson to commence this litigation as next friend. The circuit court did not address the question and since this cause will be remanded we believe resolution of the problem is necessary before trial upon the merits.

The judgment is reversed and remanded for further proceedings consistent with the views expressed herein.

All concur.