Roger MORRIS, as Executor of the Estate of Victoria Morris Lee, Deceased, Appellant,

v.

W.J. BRIEN, Jr.; Franklin Lee Morris; Jerry Don Morris; Bobby Dale Morris; Judy Caryol Taylor; and Eddie Ray Morris, Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1986.

Rehearing Denied May 16, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 28, 1986.

Earl T. Osborne, Osborne & Harris, Paducah, for appellant.

Kerry B. Harvey, Prince & Harvey, Benton, for appellee, W.J. Brien, Jr.

David C. Booth, McMurry & Livingston, Paducah, for appellee, Jerry Don Morris.

Joe A. Owen, Benton, for appellees, Franklin Lee Morris, Bobby Dale Morris, Judy Caryol Taylor, and Eddie Ray Morris.

Before HAYES, C.J., HOWARD and WHITE, JJ.

WHITE, Judge.

This appeal is taken from an Order of the Marshall Circuit Court by which appellant's action under KRS 24A.120(2) was dismissed and a writ of prohibition denied.

In April 1984 Roger Morris was appointed executor for the estate of his mother, Victoria Morris Lee. Immediately thereafter other heirs to the estate, appellees herein, petitioned the Marshall District Court for his removal, asserting that a conflict of interest was established by Mr. Morris's indebtedness to the estate in excess of $250,000. The following month the District Court ordered appellant's removal. No appeal was perfected from this. Rather in September 1984 a complaint was filed in the Marshall Circuit Court by which an adversarial action was alleged under KRS 24A.120(2) and a trial sought to determine whether Mr. Morris should serve as executor. Simultaneously a writ was requested to prohibit the district judge from enforcing either the removal order or a subsequent one appointing an administrator.

On appeal from the Circuit Court's action it is argued that in determining that Roger Morris had a conflict of interest the District Court held an adversarial proceeding for which it did not have jurisdiction. It is urged that only the Circuit Court has original jurisdiction for adversarial matters relating to actions contesting an executor's appointment. KRS 24A.120(2)(3).

■ Within the record before us it is established by appellant's verified petition for probate that his debts to the estate are in excess of $250,000. Given that the estate of approximately $540,000 was to be divided per stirpes amongst seven heirs, it is evident that such indebtedness has an enormous potential to affect adversely the interests of the remaining six heirs. KRS 395.160(1) speaks to the removal by the District Court of a personal representative if he be "incapable to discharge the trust."

Appellant argues that such supplements the preceding passage, "becomes *insane* or otherwise incapable to discharge the trust," (emphasis added) and, therefore, does not have application to the immediate situation. It is his position that a representative can be removed for conflict of interest; however, such falls within the jurisdiction of the Circuit, not District, Court.

Although Mr. Morris's suggestion is to be credited, it is contrary to the manner in which such has long been practiced within this Commonwealth. *See Howd v. Clay*, 312 Ky. 508, 228 S.W.2d 437 (1950), and *Price's Adm'r. v. Price*, 291 Ky. 211, 163 S.W.2d 463 (1942), as examples of denials of administration for reasons other than mental competency with reference to incapacity to discharge the trust. Should the Legislature have not intended that removal for conflict of interest be included within the District Court's discharge authority, it has been on ample notice to have clarified the wording of KRS 395.160(1). At this juncture we are not amenable to changing a course which long has been followed.

■ Was this an adversarial matter as to be beyond the jurisdiction of the District Court? KRS 24A.120(2). It is apparent to us under the facts contained herein that facts were *presented*, not argued, before the Marshall District Court. No dispute surrounded the existence of Mr. Morris's debts or their measure against the value of his mother's estate. This was not adversarial. Once this was established, primarily by appellant's own verified petition for probate, as a matter of law a conflict of interest was evident, thereby supporting the District Court's action in removing him under KRS 395.160(1).

An opportunity for review of this decision was available to Mr. Morris via an appeal to the Circuit Court. Section 115, Constitution of Kentucky. However, rath-

er than pursuing this course, he waited and subsequently attempted a collateral attack by initiating an original action in the Circuit Court. The Court below recognized the impropriety of this procedure and dismissed the action. We affirm.

All concur.