Terry **PRIESTLEY** and Timothy Priestley, Appellants,

v.

Brenda J. **PRIESTLEY**, Individually; Brenda J. Priestley, as Guardian of Rodman G. Priestley; and Brenda J. Priestley, as Administratrix of the Estate of Rodman G. Priestley, Deceased, Appellee.

Brenda J. **PRIESTLEY**, Cross–Appellant,

v.

Terry **PRIESTLEY** and Timothy Priestley, Cross–Appellees.

Nos. 96–SC–271–DG, 96–SC–803–DG.

Supreme Court of Kentucky.

June 19, 1997.

Rehearing Denied Sept. 4, 1997.

Linda Gosnell, Lynn Rikhoff, Rosenbaum & Rosenbaum, P.S.C., Lexington, for Appellants/Cross–Appellees.

Tom H. Pierce, Amanda L. Foley, Versailles, for Appellee/Cross–Appellant.

LAMBERT, Justice.

Upon a jury verdict, Brenda J. Priestley, appellee/cross-appellant (hereinafter "appellee"), was adjudged to have breached her fiduciary duties with respect to her management of the assets of Rodman G. Priestley. On appeal, the Court of Appeals determined *sua sponte* that the decisive issue was whether appellants/cross appellees (hereinafter "appellants"), the children of Rodman G. Priestley, had standing to assert claims for breach of such fiduciary duties. Answering in the negative, the Court of Appeals reversed the judgment of the trial court and dismissed appellants' claims. We granted discretionary review to consider the question of standing and such other issues as are necessary to resolution of the case.

Ten years into an apparently happy marriage, Rodman G. Priestley suffered an aneurysm and severe disability. Thereafter, while a patient at Cardinal Hill Hospital, Mr. Priestley suffered a fall which added to his physical disability. While so disabled, guardianship proceedings were begun in the Woodford District Court, but a guardian ad litem appointed for Mr. Priestley suggested that a durable power of attorney be executed whereby his wife, Brenda J. Priestley, appellee herein, would manage his affairs. Such an instrument was executed and the guardianship proceeding was abandoned. Sometime thereafter, Mr. Priestley was hospitalized at the Veteran's Administration Hospital in Lexington where he remained until his death in 1991. Meanwhile, in her capacity as Mr. Priestley's next friend, and on her own behalf, appellee brought suit against Cardinal Hill Hospital claiming, *inter alia,* medical negligence and loss of consortium. In due course, a settlement agreement was reached between the Priestleys and Cardinal Hill Hospital. To finalize the settlement it was

necessary for appellee to be appointed Mr. Priestley's guardian.

The settlement agreement was "structured" and provided for an equal division of the settlement proceeds between Rodman G. Priestley to compensate for his personal injuries and appellee, Brenda J. Priestley, to compensate for her loss of consortium. The settlement agreement provided for modest near-term payments and postponed the bulk of all payments until well beyond Mr. Priestley's life expectancy. Of the settlement amount allocated to Mr. Priestley, the agreement provided that after his death, any unpaid sums of money would go to his estate. Of the settlement amount allocated to appellee, the agreement provided that at her death, any unpaid sums would go to her children by a prior marriage; this to the exclusion of Mr. Priestley and his children.

As stated hereinabove, a few months after Mr. Priestley suffered the aneurysm, appellee was appointed to serve as his attorney in fact. Pursuant to the authority granted by the power of attorney, appellee transacted several significant items of business for Mr. Priestley and herself. Among other things, she purchased a new automobile with jointly held funds and placed the title exclusively in her name. She also sold a farm the Priestleys had acquired during their marriage and of the $20,000 realized, placed one-half exclusively in her name and the other one-half in a joint account with her husband. She sold a truck titled in the Priestleys' joint names and placed the proceeds in her name only. In November, 1988, after appellee was appointed Mr. Priestley's guardian, she continued transacting business for him. Representative of this class of transactions was appellee's pre-payment of mortgage payments on jointly owned and survivorship property, her purchase of IRA's for herself with joint funds, and the purchase of an automobile and payment of insurance and taxes thereon. Numerous such transactions were subsequently scrutinized and a substantial number were determined to have constituted a breach of fiduciary duties.

After hearing the evidence and receiving the court's instructions, the jury determined that in many instances appellee had breached

her fiduciary duties as attorney in fact and as guardian. Following the jury verdict with respect to appellee's breach of fiduciary duties pursuant to the power of attorney and the guardianship appointment, excluding all matters relating to the Cardinal Hill settlement, judgment was entered against appellee for the sum of $43,301.81 plus interest.

With respect also to the Cardinal Hill settlement, the jury determined that appellee had breached her fiduciary duty. It determined that the percentage of the settlement which each party should have received was eighty percent to Rodman G. Priestley for his compensable claims, and twenty percent to Brenda Priestley for her loss of consortium claim. Judgment to this effect was duly entered.

 At the outset, we will not long tarry to consider the contention that the Court of Appeals had no right to decide the case on an issue not raised on appeal. So long as an appellate court confines itself to the record (*Montgomery v. Koch*, Ky., 251 S.W.2d 235 (1952)), no rule of court or constitutional provision prevents it from deciding an issue not presented by the parties (*Mitchell v. Hadl*, Ky., 816 S.W.2d 183 (1991)). While it is widely recognized that appellate courts should be reluctant to engage in such a practice, their discretion is broad enough to prevent a conclusion that it has been abused. *Young v. J.B. Hunt Transportation, Inc.*, Ky., 781 S.W.2d 503 (1989). We addressed an analogous situation in *Shraberg v. Shraberg*, Ky., 939 S.W.2d 330 (1997), where a claim was made that the Court of Appeals had abused its discretion in granting a petition for rehearing.

This Court will not undertake to review the Court of Appeals' exercise of its discretion with regard to granting rehearing. Where parties believe the Court of Appeals has erred in granting rehearing, their remedy is to bring the merits of the case to this Court.

*Id.* at 332. In our view, these authorities fully resolve this issue in appellee's favor. The Court of Appeals did not abuse its discretion in deciding the case on an issue not raised by the parties.

As set forth hereinabove, the Court of Appeals reversed on grounds that appellants lacked standing. It focused on appellants' status as adult children of Rodman G. Priestley and noted that the power of attorney created an agency relationship in which these adult children had no role. It took a similar view with respect to the guardianship. Appellants were dismissed as having a "mere expectancy" and held to lack standing to assert a claim against the fiduciary. By necessary implication from the Court of Appeals' opinion, an attorney in fact acting pursuant to a durable power of attorney is not answerable to any person or entity except the grantor of the power of attorney, one who may well be incompetent.

Appellants' claims were brought one year after the intestate death of Rodman G. Priestley. Their claims were brought against appellee, Brenda J. Priestley, individually, as the decedent's guardian, and as administratrix of the decedent's estate. It was averred that appellee engaged in various acts of misconduct in each of her three fiduciary capacities, and in particular, appellants claimed that as administratrix of the decedent's estate, appellee failed to pursue claims on behalf of the estate against herself for breach of fiduciary duties as the decedent's *inter vivos* fiduciary. As such, they claim appellee's failure to discharge her duties as administratrix of the estate resulted in lesser sums being available for distribution to the decedent's heirs at law.

█ For her response, appellee states that the judgment fails to reflect that she breached any fiduciary duty as administratrix. As such, she concludes that appellant's claims against her as guardian and as attorney in fact must also fail because KRS 395.510 permits claims against her only as administratrix. Our review of the statute and decisions interpreting it fails to reveal such a limitation.

█ In *Lee v. Porter,* Ky.App., 598 S.W.2d 465 (1980), KRS 395.510 was broadly interpreted to authorize claims against the personal representative of an estate for mismanagement, fraud, deception, or the like. In so holding, the Court followed *Myers v. State Bank & Trust Co.,* Ky., 307 S.W.2d 933

(1957), which involved the claim of a legatee against an executor for mismanagement, neglect and breach of fiduciary duty pursuant to KRS 395.510(1). Herein, appellants' claims are entirely consistent with statutory language and the relevant decisions. The decedent died intestate and appellants are his heirs at law. Their claims were brought against the decedent's administratrix asserting that she breached duties as a testamentary fiduciary by failing to recover for benefit of the estate sums which she herself had wasted or improperly diverted during her tenure as *inter vivos* fiduciary. Unlike appellee, we discern no fatal flaw by the absence of a judgment which declared that she defaulted as testamentary fiduciary. The determination that appellee breached *inter vivos* fiduciary duties is sufficient if sustained by the evidence and otherwise. While the district court exercises supervision and control of guardians (KRS Chapter 387), and while the guardianship statutes are mandatory and to be strictly construed (*Rice v. Floyd,* Ky., 768 S.W.2d 57 (1989)), upon the filing of a claim pursuant to KRS 395.510 where acts of mismanagement, fraud or deception are alleged, the circuit court has jurisdiction to settle the estate and adjudicate all claims associated therewith. KRS 24A.120.

> Even though KRS 387.210 confers exclusive jurisdiction upon the district court to appoint, remove and require accounting of committees and provides further for appeal to the circuit court from such acts or failure to act there appears to be no power to entertain actions involving such a fiduciary where mismanagement, fraud or deception is involved. Neither does there appear any authority to surcharge accounts or assess damages. Since the case at bar seeks the relief last mentioned based upon mismanagement of the estate by the committee, then the appellant had no alternative but to commence this action in the circuit court since the district court was without statutory power to render the judgment sought.

*Lee v. Porter,* 598 S.W.2d at 468.

In the circumstances which prevailed here, appellee's interests were hopelessly in con-

flict. *Morris v. Brien,* Ky.App., 712 S.W.2d 347 (1986); *Howd v. Clay,* Ky., 312 Ky. 508, 228 S.W.2d 437 (1950); and *Price's Adm'r v. Price,* 291 Ky. 211, 163 S.W.2d 463 (1942). While it was her duty as administratrix to marshal the assets of the estate and collect sums which might have been due the decedent for benefit of the estate (KRS 395.195), it was in her personal interest to ignore her own possible defalcation. In such circumstances we are not persuaded by appellee's technical argument that the final judgment is flawed for failure to expressly articulate her breach of duties as administratrix. In our view, this question was sufficiently answered when the jury returned a verdict and the court entered judgment requiring appellee to repay substantial sums to the decedent's estate and requiring reformation of the agreement by which the Cardinal Hill litigation was settled.

■ The Court of Appeals erred in its conclusion that appellants lacked standing. The cases of *Burkhart v. Community Medical Center,* Ky., 432 S.W.2d 433 (1968), and *Winn v. First Bank of Irvington,* Ky.App., 581 S.W.2d 21 (1978), upon which the Court of Appeals relied, while containing sound legal principles, are far from dispositive of the standing question here. The Court of Appeals' error was in its conclusion that appellants had only an expectancy in the estate of their father. This is simply inaccurate. By virtue of Mr. Priestley's intestate death, appellants were his heirs at law and their rights were far greater than an expectancy. As such, *Ellis v. Ellis,* Ky., 752 S.W.2d 781 (1988), is distinguishable. In *HealthAmerica Corp. of Kentucky v. Humana Health Plan, Inc.,* Ky., 697 S.W.2d 946 (1985), we said that standing required "a judicially recognized interest in the subject matter of the suit," a requirement easily satisfied here. *See also Louisville v. Stock Yards Bank & Trust,* Ky., 843 S.W.2d 327 (1992), for the view that no "precise standard" to determine whether a party has standing has been formulated and "that the issue must be decided on the facts of each case." *Id.* at 329.

Inasmuch as this litigation was commenced after the decedent's death and after the appointment of a personal representative, we need not decide whether an expectant heir or other interested person may be heard when it appears that an attorney in fact, pursuant to a KRS 386.093 durable power of attorney, is engaging in waste, fraud or mismanagement.

On cross-appeal, appellee contends that she should have had a directed verdict and that her alleged breach of fiduciary duties should not have been submitted to the jury. No claim of error has been made concerning the instructions. She argues, without authority, that a subjective standard should have been applied to her decisions with respect to her husband's property: "What would the ward himself have done with his property?"

■ In our view, the proper standard of conduct is set forth in *Deaton v. Hale,* Ky., 592 S.W.2d 127 (1979), which requires of an agent the utmost good faith. *See also Dunn v. Kramer,* 306 Ky. 377, 208 S.W.2d 41 (1948). The guardianship statute, KRS 387.600, is highly particularized and requires detailed reporting and review by the court. Our decisions and the statutes are far more consistent with the concept of limited discretion in the fiduciary than with broader discretion as claimed by appellee. This was the view of the trial court in its ruling on the motion for directed verdict.

This is a case in which Mrs. Priestley is alleged to have breached certain fiduciary duties to Mr. Priestley, her husband. It's a case where Mrs. Priestley acted as a fiduciary to one with whom she shared a marital relationship. That notwithstanding, according to the Court's understanding of the law, Mrs. Priestley's fiduciary duty to Mr. Priestley is not as a matter of law lessened by virtue of the marital relationship, although this Court recognizes that Mrs. Priestley's defense to this case will largely be based upon her setting forth that in view of the marital relationship she enjoyed with Mr. Priestley, the fashion in which she conducted his affairs was acceptable in context of that particular relationship. But, nevertheless, this Court believes that it must, in evaluating the Defendant's motion for a directed verdict, emphasize the fiduciary aspects of their re-

lationship, or rather than other aspects of the marital relationship.

 The trial court then ruled on each item of expenditure and after ruling for appellee on the question of necessaries per KRS 404.040, overruled her motion for directed verdict in all other respects. It is unnecessary to separately discuss each of the transactions claimed to have been in breach of appellee's fiduciary duties. We simply say that we are unpersuaded that the trial court erred in its ruling on any part of the directed verdict motion.

In the trial court, appellants asserted that KRS 404.040 was unconstitutional as a gender-based classification in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. They relied upon *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1977), and *Wengler v. Druggists Mutual Ins. Co.*, 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980), and other decisions which have invalidated gender-based classification statutes. The factual predicate of appellants' claim in this regard arises from the trial court's determination that certain expenditures made by appellee during the period she served as the decedent's fiduciary were for the purchase of "necessaries" and thus were not improper expenditures.

 We will refrain from deciding this important constitutional issue in this case. The items in question are bills and expenses generally associated with operating a household, making home repairs, and paying insurance premiums. Appellants' interest is, at best, only indirect as the benefit to them would be merely enhancement of the decedent's estate. While the trial court characterized the expenses as "necessaries" for benefit of appellee, there is significant ambiguity associated with such expenditures in that they were largely for maintenance of the family household.

Courts are not required to decide constitutional questions whenever a party makes the suggestion. Constitutional adjudication should be reserved for those cases in which the issue is well-defined and advanced by parties substantially affected by the contro-versy. The constitutional question here would be more appropriately asserted by a husband or wife adversely affected by the statute than by children whose inheritance is only modestly affected thereby.

On this issue, we will follow the doctrine of self-restraint articulated in *Craig v. Boren*, *supra*, which is designed to minimize unwarranted intervention into controversies where the applicable constitutional questions are ill-defined and speculative. Accordingly, we decline to decide the constitutionality of KRS 404.040.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the final judgment of the Woodford Circuit Court is reinstated.

All concur.